**EXHIBIT 5**

CHEMICAL

# RETIREMENT PLAN

of

# CHEMICAL BANK

and

# CERTAIN AFFILIATED COMPANIES

Effective January 1, 1993

(Amended and restated through August 1, 1994)

CBPJPMC00001464

%%CHEMICAL

# RETIREMENT PLAN OF

## CHEMICAL BANK AND CERTAIN AFFILIATED COMPANIES

### Contents

|  |  |  | Page |
|---|---|---|---|
| Preamble | | . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| Article I | Definitions | . . . . . . . . . . . . . . . . . . . . . . | 2 |
| 1.1 | Account | . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| 1.2 | Accrued Benefit | . . . . . . . . . . . . . . . . . . . . | 2 |
| 1.3 | Accruing Factor | . . . . . . . . . . . . . . . . . . . . | 2 |
| 1.4 | Actuarial Equivalent | . . . . . . . . . . . . . . . . . | 2 |
| 1.5 | Adjusted Final Salary Benefit | . . . . . . . . . . . . . | 2 |
| 1.6 | Affiliated Company | . . . . . . . . . . . . . . . . . . | 3 |
| 1.7 | Annuity Starting Date | . . . . . . . . . . . . . . . . | 3 |
| 1.8 | Appropriate Form | . . . . . . . . . . . . . . . . . . . | 3 |
| 1.9 | Authorized Absence | . . . . . . . . . . . . . . . . . . | 3 |
| 1.10 | Beneficiary | . . . . . . . . . . . . . . . . . . . . . | 3 |
| 1.11 | Board | . . . . . . . . . . . . . . . . . . . . . . . . | 4 |
| 1.12 | Break in Service | . . . . . . . . . . . . . . . . . . . | 4 |
| 1.13 | Chemical Eligible Retiree | . . . . . . . . . . . . . . | 4 |
| 1.14 | Code | . . . . . . . . . . . . . . . . . . . . . . . . . | 4 |
| 1.15 | Company | . . . . . . . . . . . . . . . . . . . . . . . | 4 |
| 1.16 | Committee | . . . . . . . . . . . . . . . . . . . . . . | 4 |
| 1.17 | Corporation | . . . . . . . . . . . . . . . . . . . . . | 5 |
| 1.18 | Credit Balance | . . . . . . . . . . . . . . . . . . . . | 5 |
| 1.19 | Credit Balance QPSA | . . . . . . . . . . . . . . . . . | 5 |
| 1.20 | Date of Distribution | . . . . . . . . . . . . . . . . . | 5 |
| 1.21 | Date of Employment | . . . . . . . . . . . . . . . . . | 5 |
| 1.22 | Date of Reemployment | . . . . . . . . . . . . . . . . | 5 |

i

CHEMICAL

| 1.23 | Disability Plan | 5 |
|------|----------------|---|
| 1.24 | Disability QCC Termination | 6 |
| 1.25 | Early Retirement Date | 6 |
| 1.26 | Effective Date | 6 |
| 1.27 | Eligible Employee | 6 |
| 1.28 | Eligibility Period | 6 |
| 1.29 | Eligible Retiree | 6 |
| 1.30 | Eligible Retirement Plan | 7 |
| 1.31 | Eligible Rollover Distribution | 7 |
| 1.32 | Eligible Termination | 7 |
| 1.33 | Employee | 8 |
| 1.34 | Employer | 8 |
| 1.35 | ERISA | 8 |
| 1.36 | Fiduciary | 8 |
| 1.37 | Final Salary Benefit | 8 |
| 1.38 | Final Salary Benefit QPSA | 9 |
| 1.39 | Final Average Salary | 9 |
| 1.40 | Hour of Service | 9 |
| 1.41 | Interest Credit | 9 |
| 1.42 | Interest Factor | 10 |
| 1.43 | Interest Rate | 10 |
| 1.44 | Joint and 50% Survivor (Spouse) Annuity or QJSA | 10 |
| 1.45 | Lump Sum Accrued Benefit Amount | 11 |
| 1.46 | MHT | 11 |
| 1.47 | MHT Plan QPSA | 11 |
| 1.48 | MHT Plan QJSA | 11 |
| 1.49 | MHT Eligible Retiree | 11 |
| 1.50 | MHT Plan | 11 |

ii

CBPJPMC00001466

CHEMICAL

1.51    Normal Retirement Age . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

1.52    Normal Retirement Date . . . . . . . . . . . . . . . . . . . . . . . . . .    12

1.53    Notice to the Administrator . . . . . . . . . . . . . . . . . . . . . . .    12

1.54    Participant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

1.55    Participating Company . . . . . . . . . . . . . . . . . . . . . . . . . .    12

1.56    Period of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

1.57    PBGC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

1.58    Period of Severance . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

1.59    Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

1.60    Plan Administrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

1.61    Plan Year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

1.62    Prior Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

1.63    Prior Service Balance . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

1.64    Program . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

1.65    Retirement Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

1.66    Salary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

1.67    Salary-Based Credit . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

1.68    Salary-Based Credit Balance . . . . . . . . . . . . . . . . . . . . . .    14

1.69    Severance Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

1.70    Surviving Spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

1.71    Transition Credit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

1.72    Transition Factor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

1.73    Transition Rate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

1.74    Trust Fund . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

1.75    Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

1.76    Valuation Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

1.77    Years of Benefit Service . . . . . . . . . . . . . . . . . . . . . . . . .    17

1.78    Years of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    18

CBPJPMC00001467

///. CHEMICAL

| Article II | Eligibility and Participation | 18 |
|---|---|---|
| 2.1 | Eligible Employee | 18 |
| 2.2 | Participation | 19 |
| 2.3 | Continued Participation | 20 |
| Article III | Service | 20 |
| 3.1 | Periods of Service | 20 |
| Article IV | Account Balance | 23 |
| 4.1 | Accounts | 23 |
| 4.2 | Transition Credits | 24 |
| 4.3 | Salary-Based Credit Balance | 24 |
| 4.4 | Disability and Military Service | 27 |
| 4.5 | Accrued Benefit | 28 |
| 4.6 | Eligible Retiree and Certain Others | 29 |
| Article V | Final Salary Benefit | 31 |
| 5.1 | Final Salary Benefit | 31 |
| 5.2 | Payments Prior to Age 65 | 32 |
| 5.3 | MHT Eligible Retirees | 34 |
| 5.4 | Chemical Residential Mortgage Company | 37 |
| 5.5 | Minimum Benefit | 37 |
| 5.6 | Disability and Military Leave | 38 |
| 5.7 | Cost-of-Living Adjustments | 39 |
| 5.8 | Supplements | 39 |

CBPJPMC00001468

*CHEMICAL*

Article VI    Vesting  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    40

    6.1    Vested Benefit  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    40

    6.2    Forfeitures  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    40

    6.3    Outstanding Checks  . . . . . . . . . . . . . . . . . . . . . . . . . . . .    41

Article VII   Transfers and Reemployment  . . . . . . . . . . . . . . . . . . . . . . .    42

    7.1    Transfers from One Employer to Another Employer  . . . . . . . . . . .    42

    7.2    Transfer from Employer to a Non-Participating Company  . . . . . . .    42

    7.3    Transfer from Non-Participating Company to Employer  . . . . . . . .    43

    7.4    Reemployment of Vested Participants  . . . . . . . . . . . . . . . . . .    43

    7.5    Reemployment of Nonvested Participants  . . . . . . . . . . . . . . . .    47

Article VIII  Benefits  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    48

    8.1    Form of Distributions Generally  . . . . . . . . . . . . . . . . . . . . .    49

    8.2    Normal Form of Benefit  . . . . . . . . . . . . . . . . . . . . . . . . . .    50

    8.3    Optional Forms of Benefit  . . . . . . . . . . . . . . . . . . . . . . . . .    53

    8.4    Special Rules for Voluntary Cash Outs  . . . . . . . . . . . . . . . . .    54

    8.5    Special Rules for the Joint and Survivor Benefit  . . . . . . . . . . . .    54

    8.6    Credit Balance Death Benefits  . . . . . . . . . . . . . . . . . . . . . .    54

    8.7    Final Salary Benefit QPSA  . . . . . . . . . . . . . . . . . . . . . . . .    57

    8.8    QJSA Waiver Rules  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    60

    8.9    Spousal Consent Rules . . . . . . . . . . . . . . . . . . . . . . . . . . .    61

    8.10    Involuntary Cash Outs . . . . . . . . . . . . . . . . . . . . . . . . . .    62

    8.11    Qualified Domestic Relations Order . . . . . . . . . . . . . . . . . . .    63

Article IX    Final Salary Benefit Commencement Date
Credit Balance Dates of Distribution  . . . . . . . . . . . . . . . . . . .    64

    9.1    Earliest Permissible Distribution Dates . . . . . . . . . . . . . . . . .    64

    9.2    Credit Balance Dates of Distribution  . . . . . . . . . . . . . . . . . .    65

    9.3    Final Salary Benefit Normal Retirement Date  . . . . . . . . . . . . .    66

    9.4    Final Salary Benefit Deferred Retirement Date . . . . . . . . . . . . .    66

    9.5    Final Salary Benefit Early Retirement Dates  . . . . . . . . . . . . . .    67

CBPJPMC00001469

*CHEMICAL*

| 9.6 | Final Salary Benefit Vested Deferred Benefits | 68 |
|-----|-----------------------------------------------|----|
| 9.7 | Special Commencement Date for MHT Eligible Retirees | 69 |
| 9.8 | Failure to Make an Election | 69 |
| 9.9 | Latest Permissible Distribution Dates | 70 |
| 9.10 | Payments to Individuals on Long Term Disability | 71 |
| 9.11 | Payments Due Infants and Incompetents | 71 |
| 9.12 | Suspension of Benefits | 72 |
| 9.13 | Eligible Rollover Distribution | 72 |
| Article X | Fiduciaries | 72 |
| 10.1 | Named Fiduciaries | 72 |
| 10.2 | Board | 73 |
| 10.3 | Trustee | 73 |
| 10.4 | Committee | 74 |
| 10.5 | Plan Administrator | 74 |
| 10.6 | Other Fiduciaries | 74 |
| 10.7 | Fiduciary Liability | 75 |
| 10.8 | Indemnification | 75 |
| Article XI | Employee Benefit Plans Committee | 76 |
| 11.1 | Appointment of Committee | 76 |
| 11.2 | Quorum | 76 |
| 11.3 | Agents | 76 |
| 11.4 | Certain Procedures | 77 |
| 11.5 | Rules | 77 |
| 11.6 | Interpretation of Plan | 77 |
| 11.7 | Claims Procedures | 78 |
| Article XII | Trust Fund | 78 |
| 12.1 | Declaration of Trust | 78 |

CBPJPMC00001470

CHEMICAL

| | | |
|---|---|---|
| 12.2 | Incorporation as Part of the Plan | 78 |
| 12.3 | Participating Companies | 79 |
| 12.4 | Plan Expenses | 79 |
| Article XIII | Amendment of Plan | 80 |
| 13.1 | Plan for Exclusive Benefit of Participant | 80 |
| 13.2 | Amendments | 80 |
| 13.3 | Return of Contributions | 81 |
| Article XIV | Merger or Consolidation of Plan | 82 |
| 14.1 | Benefit Requirements | 82 |
| Article XV | Termination of the Plan | 82 |
| 15.1 | Voluntary | 82 |
| 15.2 | Termination | 83 |
| 15.3 | Section 401(a)(4) - Restriction on Benefits and Distribution | 83 |
| Article XVI | Miscellaneous Provisions | 85 |
| 16.1 | Construction | 85 |
| 16.2 | Employment Status and Rights | 85 |
| 16.3 | Source of Benefit Payments | 86 |
| 16.4 | Non-Assignability | 86 |
| 16.5 | Section 401(a)(4) Testing | 86 |
| 16.6 | Appendices | 87 |
| | Appendix I Maximum Benefits | 88 |
| | Appendix II MHT Plan Transaction Rules | 96 |
| | Appendix III Top Heavy Provisions | 109 |
| | Appendix IV Special Effective Dates | 112 |
| | Appendix V Actuarial Assumption | |
| | Appendix VI Section 401(a)(17) | 115 |
| | Appendix VII Transactions Effective After January 1, 1993 | |

CBPJPMC00001471

CHEMICAL

# RETIREMENT PLAN OF
## CHEMICAL BANK AND CERTAIN AFFILIATED COMPANIES

The Retirement Plan of Chemical Bank and Certain Affiliated Companies ("Plan") provides retirement benefits for employees of Chemical Bank and certain affiliated companies which become Employers.

The Plan was amended and restated as of January 1, 1993. The Plan is a successor plan to, and a continuation of, the Cash Plan for Retirement of Chemical Bank and Certain Affiliates ("Prior Plan") and, except as otherwise provided herein, all employees, as of December 31, 1992, who were participants in the Prior Plan continue to be participants in the restated Plan.

Simultaneously with the amendment and restatement of the Plan, the Retirement Plan of Manufacturers Hanover Trust Company and Certain Affiliated Companies ("MHT Plan") was merged with the Plan, effective January 1, 1993. The Plan is a successor plan to, and continuation of, the MHT Plan and, except as otherwise provided herein, all employees, as of December 31, 1992, who were participants in the MHT Plan continue to be participants in the restated Plan.

With certain exceptions, benefits for employees who retired or terminated employment prior to January 1, 1993, and their beneficiaries will be provided for under the terms and conditions of the Prior Plan or MHT Plan, respectively, as in effect as of December 31, 1992.

The Plan is intended to qualify under Section 401 of the Internal Revenue Code of 1986 and the related trust is intended to be tax-exempt under Section 501 of such Code. This

-1-

CBPJPMC00001472

*CHEMICAL*

Plan applies to Plan Years beginning on or after January 1, 1993; provided, however, that the provisions required by the Tax Reform Act of 1986 and subsequent legislation shall be effective on January 1, 1989 or such other date as set forth in Appendix IV; and provided, further, that amendments adopted after January 1, 1993 through August 1, 1994, have been integrated into this restatement.

## ARTICLE I
### Definitions

1.1    "Account" means a bookkeeping account established and maintained with respect to each Participant pursuant to Section 4.1.

1.2    "Accrued Benefit" means, as of any determination date, (i) an amount equal to an increasing monthly annuity for the life of the Participant determined in accordance with Section 4.5, and (ii) an amount equal to an annuity for the life of the Participant determined in accordance with Section 5.1. See also Appendix VI.

1.3    "Accruing Factor" means the factor described in Section 4.3(b).

1.4    "Actuarial Equivalent" means, with respect to any specified annuity or benefit, another annuity or benefit commencing at a different date and/or payable in a different form than the specified annuity or benefit, but which has the same present value as the specified annuity or benefit (except where expressly provided otherwise in the Plan, determined on the basis of the interest rate, mortality table and other factors, if any, applicable to such other annuity or benefit, as specified in Appendix V as in effect at the date such other annuity or benefit is being determined).

-2-

CBPJPMC00001473

*Z, CHEMICAL*

1.5    "Adjusted Final Salary Benefit" means the single life annuity payable on the dates
and in the amounts specified in Article V.

1.6    "Affiliated Company" means any corporation which is a member of a controlled
group of corporations (within the meaning of Section 414(b) of the Code) which
includes the Company, any trade or business (whether or not incorporated) which is
under common control (within the meaning of in Section 414(c) of the Code) with the
Company, any organization included in the same affiliated service group (within the
meaning of Section 414(m) of the Code) as the Company, and any other entity
required to be aggregated with the Company pursuant to regulations under
Section 414(o) of the Code. Any such entity shall be treated as an Affiliated Company
only for the period while it is a member of the controlled group of corporations or
considered to be in a common control group.

1.7    "Annuity Starting Date" means (i) the first day of the first period for which an
amount is paid as an annuity, or any other periodic form or (ii) in the case of a benefit
not payable in the form of an annuity, the first day on which all events have occurred
which entitle the Participant to the benefit.

1.8    "Appropriate Form" means the form (or other means of communication) provided for
a particular purpose, as prescribed by the Plan Administrator.

1.9    "Authorized Absence" means any period of absence from employment permitted by
any Affiliated Company pursuant to a uniform policy (including a reinstatement
policy), whether or not the Employee receives compensation for such period of
absence.

-3-

CBPJPMC00001474

*CHEMICAL*

1.10    "Beneficiary" means the Surviving Spouse, provided that if there is no Surviving Spouse, or if the Participant's spouse consents to the designation of a nonspouse Beneficiary under Section 8.9, the Beneficiary shall be the person or persons designated by a Participant by Notice to the Administrator to receive benefits from the Plan on account of the death of the Participant, unless such designation has been revoked by a Notice to the Administrator or shall have become null and void as specified hereunder. If no Notice to the Administrator is on file, or if the designated Beneficiaries have predeceased the Participant, and if in either case, there is no Surviving Spouse, the Participant's estate shall be the Beneficiary with respect to Credit Balance benefit payable under Section 8.6.

1.11    "Board" means the Board of Directors of the Company and any committee of directors of such Board authorized to act with respect to any matters pertaining to the Plan.

1.12    "Break in Service" means any 12-consecutive month period beginning on a Severance Date during which an Employee does not complete an Hour of Service and any anniversary date thereof; provided that the Employee is not paid for or entitled to pay (including back pay) for the performance of duties by the Company or an Affiliated Company at any time during such 12-month period.

1.13    "Chemical Eligible Retiree" means an individual who satisfied the definition of Eligible Retiree and was a participant in the Prior Plan on or before June 30, 1992.

1.14    "Code" means the Internal Revenue Code of 1986, as amended from time to time.

1.15    "Company" means Chemical Bank and any successor corporation and, for periods prior to June 19, 1992, includes Manufacturers Hanover Trust Company.

-4-

*ZZ*CHEMICAL

1.16    "Committee" means the Employee Benefit Plans Committee referred to in Article XI.

1.17    "Corporation" means Chemical Banking Corporation and any successor corporation.

1.18    "Credit Balance" means the amount determined under Article IV.

1.19    "Credit Balance QPSA" means the annuity described in Section 8.6(b).

1.20    "Date of Distribution" means the date set forth in Section 4.3(f).

1.21    "Date of Employment" means the date an Employee first performs an Hour of Service.

1.22    "Date of Reemployment" means the date on which an Employee first performs an Hour of Service following a Severance Date.

1.23    "Disability Plan" means the Long Term Disability Plan of Chemical Bank and Certain Affiliated Companies.

1.24    "Disability QCC Termination" means an Employee's termination of employment with an Affiliated Company due to a permanent and total disability; provided that such Employee:

(a)    is a participant in the Disability Plan of an Employer or Affiliated Company at the time such disability commences;

-5-

CBPJPMC00001476

CHEMICAL

(b)    ˉat the end of the 26 weeks. after onset of the disability. has been an Employee for 25 or more years and has been a Participant in the Plan. the MHT Plan or Prior Plan for a Period of Service of at least 10 years:

(c)    has been awarded disability insurance benefits under Title II of the Social Security Act: and

(d)    has been denied long-term disability benefits pursuant to the terms of the plan or program.

1.25    "Early Retirement Date" means the Participant's date of retirement prior to his/her Normal Retirement Date as set forth in Section 9.5.

1.26    "Effective Date" means January 1, 1993.

1.27    "Eligible Employee" means any Employee eligible to participate in this Plan in accordance with Section 2.1.

1.28    "Eligibility Period" means the Period of Service determined in accordance with Section 2.2(a).

1.29    "Eligible Retiree" means a Participant (a) who was actively at work on April 15, 1992 or who was on an Authorized Absence but returned to work by June 1. 1992, (b) who was not employed at the level of an Executive Vice President or above immediately prior to the merger of the Corporation and Manufacturers Hanover Corporation (in the case of Texas Commerce Bancshares. Inc. and its reporting subsidiaries and reporting affiliates. not employed as a Senior Vice President or above), (c) whose application

-6-

CBPJPMC00001477

CHEMICAL

to terminate employment voluntarily was received on or before June 1, 1992, was not timely rescinded by the Participant, and was accepted by his Employer, (d) who terminated employment as of the date specified by his Employer but in no event later than December 31, 1992 and (e) who would have had as of December 31, 1992:

  (i)    a Period of Service of at least 15 years and attained at least age 50, in the case of all Employers; or

  (ii)   a Period of Service of at least 11 years and attained at least age 54, in the case of all Employers (other than Texas Commerce Bancshares, Inc. and its reporting subsidiaries and reporting affiliates, and other than Chemical New Jersey Holdings and its reporting subsidiaries and its reporting affiliates); or

  (iii)  a Period of Service of at least 5 years and attained at least age 62, in the case of an individual employed by Texas Commerce Bancshares, Inc. and its reporting subsidiaries and its reporting affiliates.

1.30    "Eligible Retirement Plan" means an individual retirement account described in Section 408(a) of the Code, an individual retirement annuity described in Section 403(b) of the Code, an annuity plan described in Section 403(a) of the Code or a qualified trust described in Section 401(a) of the Code that is a defined contribution plan which accepts rollover distributions. However, with respect to Participant's surviving Spouse, or a former Spouse who is an alternate payee within the meaning of Section 414(p) of the Code, an Eligible Retirement Plan may only be an individual retirement account or individual retirement annuity.

-7-

CBPJPMC00001478

CHEMICAL

1.31    "Eligible Rollover Distribution" means any distribution under the Plan of all or any portion of a Participant's vested Accrued Benefit that qualifies as an eligible rollover distribution within the meaning of Section 402(c)(4) of the Code.

1.32    "Eligible Termination" means an Employee's involuntary termination of employment with an Employer or Affiliated Company due to one or more of the following: the permanent and complete closing of a location, a reduction in force, corporate downsizing or a job elimination, but does not include the transfer of any Employee to any Affiliated Company. An Employee's termination of employment with an Employer or an Affiliated Company for any other reason not specifically stated above, including, but not limited to, resignation, voluntary retirement, discharge for cause, death, disability, or failure to return from an approved leave of absence (including leaves of absence for medical reasons) shall not constitute an Eligible Termination. Eligible Termination also shall not include an Employee's termination of employment with any Employer or an Affiliated Company as a result of a court decree, sale (whether, in whole or in part, of stock or assets), merger or other combination, spinoff, reorganization or liquidation, dissolution or other winding up involving any Affiliated Company. The immediately preceding sentence shall not apply with respect to the merger of Manufacturers Hanover Corporation and the Corporation pursuant to an Agreement and Plan of Merger dated as of July 15, 1991, including the merger of the constituent subsidiaries of each entity.

1.33    "Employee" means any person employed by the Company or an Affiliated Company whether or not an Eligible Employee. The term Employee shall also include any person who is a leased employee within the meaning of Section 414(n)(2) of the Code (other than a leased employee described in Section 414(n)(5) of the Code).

-8-

CBPJPMC00001479

*CHEMICAL*

1.34    "Employer" means the Company and any Participating Company.

1.35    "ERISA" means the Employee Retirement Income Security Act of 1974 as amended from time to time.

1.36    "Fiduciary" means person described in Article X.

1.37    "Final Salary Benefit" means the benefit described in Section 5.1.

1.38    "Final Salary Benefit QPSA" means the annuity described in Section 8.7(a).

1.39    "Final Average Salary" means, as of any determination date, the average annual Salary received by an Eligible Employee from an Employer during a Period of Service consisting of any 60 consecutive month period within a 120 consecutive month period immediately preceding a Severance Date which will produce the highest annual average salary.   If a Participant has a Period of Service of less than five years, such individual's Final Average Salary will be the average monthly Salary received during such Period of Service, multiplied by twelve.   (In the case of a Participant who is entitled to benefits under a long-term disability plan or program of an Employer, Final Average Salary means the annual Salary received by an Eligible Employee immediately preceding the onset of the disability.)   If the Final Average Salary is being redetermined by reason of again becoming a Participant following any termination of status as an Eligible Employee, the months prior to the occurrence of such event and the months after such individual again becomes a Participant shall be deemed to be consecutive (but the intervening months shall not be taken into account).   In addition, the months preceding an Authorized Absence without pay and the months following

CBPJPMC00001480

CHEMICAL

a return to work shall be deemed to be consecutive for the purposes of this Section (but the intervening months shall not be taken into account).

1.40    "Hour of Service" means an hour for which an individual is. directly or indirectly, paid or entitled to payment for the performance of duties by the Employer or Affiliated Company.

1.41    "Interest Credit" means the amount credited to an account pursuant to Section 4.3.

1.42    "Interest Factor" means for any Valuation Date a constant yield compounded on a quarterly basis for each calendar quarter which yield would equal on an annualized basis the Interest Rate then applicable to the Account: provided that for any period less than a calendar quarter. the Interest Factor shall be the quarterly yield for the quarter in which the period falls multiplied by a fraction. the numerator of which is the number of days in such period over the total number of days in such calendar quarter.

1.43    "Interest Rate" means. for a Plan Year. the average annual interest rates for one-year United States Treasury Constant Maturities for the months of September. October and November immediately preceding the Plan Year. as published in the Federal Reserve Statistical Release L13 (415) (or if unavailable. a similar publication) (the "minimum rate") plus (ii) such additional interest rate. if any. as established by the Plan Administrator. in its sole discretion. for such Plan Year through written resolution adopted thereby (which written resolution shall constitute an amendment to the Plan). Notwithstanding the preceding sentence. the Interest Rate for a Plan Year shall not be greater than the lesser of (i) the sum of two percent (2%) plus the average annual interest rates for one-year United States Treasury Constant Maturities for the months of September. October and November immediately preceding the Plan Year (for which

-10-

⁄⁄⁄⁄ CHEMICAL

the Interest Rate is being established), as published in the Federal Reserve Statistical Release, L13 (415) (or, if unavailable, a similar publication) and (ii) fifteen percent (15%).

1.44    "Joint and 50% Survivor (Spouse) Annuity" or "QJSA" means an annuity which provides reduced monthly installments during the Participant's lifetime, ending with the payment due for the month in which he/she dies, and if the Participant dies leaving a Surviving Spouse, a survivor annuity providing monthly installments for the life of the Surviving Spouse equal to 50% of the monthly installments that the deceased Participant was receiving at the time of death. Such survivor annuity shall commence on the first day of the month following the date of the Participant's death and end with the payment due for the month in which the Surviving Spouse dies.

1.45    "Lump Sum Accrued Benefit Amount" means the Actuarial Equivalent of a Participant's Accrued Benefit derived from his/her Credit Balance when expressed as a single sum.

1.46    "MHT" means Manufacturers Hanover Trust Company.

1.47    "MHT Plan QPSA" means the Qualified Pre-retirement Survival Annuity as defined in the MHT Plan.

1.48    "MHT Plan QJSA" means the Qualified Joint and Survivor Annuity as defined in the MHT Plan.

1.49    "MHT Eligible Retiree" means an individual who satisfied the definition of an Eligible Retiree and was a participant in the MHT Plan on or before June 30, 1992.

-11-

CBPJPMC00001482

CHEMICAL

1.50    "MHT Plan" means the Retirement Plan of Manufacturers Hanover Trust Company and Certain Affiliated Companies as in effect on December 31, 1992.

1.51    "Normal Retirement Age" means the later of age 65 or the completion of a 5 year Period of Service; provided that for any individual who was a member of the MHT Plan on December 31, 1988, Normal Retirement Age means age 65.

1.52    "Normal Retirement Date" means the first day of the month following the month in which a Participant attains Normal Retirement Age.

1.53    "Notice to the Administrator" means notice on an Appropriate Form which is properly completed and is delivered to the principal office of the Plan, which Appropriate Form shall be deemed to have been given when it is stamped received by that office.

1.54    "Participant" means any Eligible Employee included in the Plan as provided in Article II, or as the context requires, an individual with an Accrued Benefit under the Plan (i) who has a Severance Date and either (A) has not incurred a Break in Service exceeding five years, or (B) is vested in his Accrued Benefit but has not received all benefits from this Plan, or (ii) is no longer an Eligible Employee, but continues to be employed by an Affiliated Company; provided that an individual described in (i) or (ii) is not a Participant for purposes of calculating additional accruals after such Severance Date or after the date he or she no longer qualifies as an Eligible Employee under Article II.

1.55    "Participating Company" means any Affiliated Company which, with the consent of the Committee, adopts the Plan by action of its board of directors; provided that any

-12-

*ℳ CHEMICAL*

entity participating as an employer in the MHT Plan or the Prior Plan as of the December 31. 1992 will be a Participating Company hereunder without further action.

1.56    "PBGC" means the Pension Benefit Guaranty Corporation.

1.57    "Period of Service" means the period during which an employment relationship exists between an Employee and the Company or an Affiliated Company determined in accordance with Article III.  Solely for purposes of Section 5.1(a)(ii), a Period of Service means any period commencing after the Effective Date, or if later the date that an individual becomes a Participant, during which an employment relationship exists between an Eligible Employee and an Employer.

1.58    "Period of Severance" means the period between an Employee's Severance Date and his Date of Reemployment determined in accordance with Article III.  A one-year Period of Severance means the 12-consecutive-month period beginning on an Employee's Severance Date and ending on the first anniversary of such date.

1.59    "Plan" means the Retirement Plan of Chemical Bank and Certain Affiliated Companies, as amended from time to time.

1.60    "Plan Administrator" means the individual who is selected by the Board to be the plan administrator; absent a designation to the contrary by the Board, the individual who holds the title Senior Vice President of Compensation and Benefits of the Company or successor title.

1.61    "Plan Year" means each calendar year commencing January 1.

-13-

CBPJPMC00001484

%% CHEMICAL

1.62    "Prior Plan" means the Cash Plan for Retirement of Chemical Bank and Certain
        Affiliated Companies as in effect on December 31, 1992.

1.63    "Prior Service Balance" means the amount described in Section 4.1.

1.64    "Program" means a voluntary retirement program (expiring on June 10, 1992),
        allowing a Chemical Eligible Retiree or MHT Eligible Retiree to voluntarily terminate
        employment and receive an additional benefit hereunder.

1.65    "Retirement Date" means a Normal Retirement Date or Early Retirement Date.

1.66    "Salary" means, for purposes of calculating the Salary-Based Credit, the regular base
        salary actually earned by, and for purposes of calculating the Final Salary Benefit, the
        base rate of pay of an Eligible Employee from an Employer for services rendered
        (including (i) shift differentials and (ii) amounts deferred under Section 401(k) of the
        Code or a cafeteria plan described in Section 125 of the Code, in either case pursuant
        to salary reduction agreements). Notwithstanding the foregoing, effective August 1,
        1994, upon the approval of the Plan Administrator of a compensation program with
        respect to a group of Employees identified by a Participating Company, Salary shall
        mean the fixed draw or rate of draw, as applicable, for services rendered but does not
        include commissions or production overrides. In addition, Salary does not include (i)
        salary advances, (ii) overtime, (iii) premium pay, (iv) bonuses, (v) incentive
        compensation, (vi) directors' fees, (vii) severance, (viii) deferred compensation, (ix)
        payments under this Plan or any other employee benefit plan, other than a wage
        continuation plan as a result of a short-term disability, (x) accrued vacation paid in a
        lump sum on termination of employment, or (xi) any other kind of extra or additional
        remuneration. If such Salary is based in part, or in whole, upon Salary paid in a

-14-

CBPJPMC00001485

*CHEMICAL*

foreign currency, such Salary shall be converted into United States dollars based upon an average exchange rate for the period in which the Salary was paid. Salary taken into account under this Plan for any Participant shall not exceed the dollar amount prescribed by the Secretary of Treasury or his delegate in accordance with Section 401(a)(17) of the Code ("Applicable Amount").

1.67    "Salary-Based Credit" means the amount described in Section 4.3.

1.68    "Salary-Based Credit Balance" means the balance described in Section 4.3.

1.69    "Severance Date" means the earlier of:

    (a)    the date on which an Employee quits, terminates, retires, is discharged or dies; or

    (b)    the first anniversary of the last day worked immediately prior to a period in which an Employee remains absent from service (with or without pay) with an Employer or an Affiliated Company for any reason other than quit, termination, retirement, discharge or death; provided, however,

        (i)    such Severance Date shall be disregarded if he/she next performs an Hour of Service within 12 months after (A) his/her Severance Date, or if earlier, (B) the date he/she was otherwise first absent from service;

        (ii)    such Severance Date shall be disregarded to the extent required under laws enacted by the Congress of the United States, if an individual (who is absent from work on account of military service on active duty in the Armed

-15-

CBPJPMC00001486

*CHEMICAL*

Forces of the United States) next performs an Hour of Service prior to the expiration of the period during which employment rights are guaranteed by law;

(iii)    if a Severance Date is disregarded under either of the two preceding paragraphs, such Employee's Period of Service shall include the period beginning on such Severance Date and ending on the date on which he/she next performs an Hour of Service;

(iv)    if an Employee is absent from service on account of disability and is receiving benefits under one or more long-term disability plans or programs of an Employer or an Affiliated Company, he/she shall not incur a Severance Date until the earlier of the date (A) such long-term disability benefits terminate, unless he/she is reemployed as an Eligible Employee on such date, (B) the date of death; or (C) he/she elects to receive benefits under this Plan; and

(v)    if an Employee is absent from service on account of (A) her pregnancy, (B) birth of his/her child, (C) his/her adoption of a child, or (D) caring for any such child, the Severance Date is the second anniversary of the first day of absence from service.  Nevertheless, the period between the first and second anniversary of such first day of absence shall count neither as a Period of Service nor as a Period of Severance.

1.70    "Surviving Spouse" means:

-16-

CBPJPMC00001487

*CHEMICAL*

(a)    for purposes of the Credit Balance, the person:  (i) legally married to the Participant at the time of the Participant's death, or if earlier, as of the Participant's Annuity Starting Date, and (ii) who survives such Participant; and

(b)    for purposes of the Final Salary Benefit, the person:  legally married to the Participant throughout the one year period ending on the Participant's (i) date of death, or if earlier, (ii) Annuity Starting Date, provided that the Participant's spouse who has been married for less than a year on the Annuity Starting Date shall become a Surviving Spouse if such spouse is married to the Participant throughout the one year period ending on the Participant's date of death, and in each case, such spouse survives the Participant.

Notwithstanding any of the foregoing, a former spouse shall be treated as a Surviving Spouse to the extent provided under a qualified domestic relations order as described in Code Section 414(p).

1.71    "Transition Credit" means the amount determined under Section 4.2(d).

1.72    "Transition Factor" means for any Valuation Date the quarterly and partial quarter yield calculated in the same manner as the Interest Factor, except that the Transition Rate shall be used.

1.73    "Transition Rate" means the Interest Rate for any Plan Year multiplied by 1.25.

1.74    "Trust Fund" means the assets which is from time to time held by the Trustee under the Agreement of Trust.

CBPJPMC00001488

CHEMICAL

1.75    "Trustee" means the trustee or trustees under the Agreement of Trust at the particular time.

1.76    "Valuation Date" means the last business day of each calendar quarter, provided that with respect to any required determination of a Credit Balance as set forth herein, it shall mean the day immediately preceding the date of the required determination.

1.77    "Years of Benefit Service" means the years of benefit service as determined under Sections 3.4 and 3.5 of the MHT Plan through December 31, 1992.

1.78    "Years of Service" means the years of service as determined under Section 3.1 through 3.3 of the MHT Plan through December 31, 1992.

## ARTICLE II

### Eligibility and Participation

2.1    Eligible Employee

An Employee of an Employer shall be an Eligible Employee if such Employee:

(a)    is on a United States payroll of an Employer and pays tax in respect of his/her Salary imposed by the Federal Insurance Contribution Act;

(b)    is not a "Leased Employee" as defined in Section 414(n) of the Code;

(c)    is not employed on an occasional, casual, temporary or seasonal basis or paid on an hourly basis; and

-13-

///, CHEMICAL

(d)    is not an active participant in any other defined benefit plan of an Employer
or an Affiliated Company.

By way of clarification, a person who serves only as a director of an Employer or
renders services as or to an independent contractor is not considered employed by an
Employer.

2.2    Participation

(a)    An Eligible Employee shall become a Participant at the earlier of (i) or (ii).

    (i)    Each Eligible Employee who was an active participant in the Prior Plan
or the MHT Plan on December 31, 1992 and is an Eligible Employee
on January 1, 1993, shall become a Participant in the Plan as of
January 1, 1993.

    (ii)    Each other Eligible Employee shall become a Participant in the Plan on
the first day of the month coincident with or next following the
completion of (I) a Period of Service of one year (the "Eligibility
Period"); or, (II) if an Employee has satisfied the Eligibility Period, the
date such individual becomes an Eligible Employee.

(b)    An Eligible Employee who satisfied the Eligibility Period prior to his/her
Severance Date (or prior to the date he/she ceased to be an Eligible Employee)
shall become a Participant again on the Date of Reemployment of such
individual, as an Eligible Employee.

-19-

CHEMICAL

(c)    An Employee who failed to satisfy the Eligibility Period prior to his/her Severance Date (or prior to the date he/she ceased to be an Eligible Employee) shall become a Participant in accordance with Section 2.2(a)(ii); provided that if his/her Period of Severance is less than one year. such Period of Severance shall be included in the Eligibility Period.

2.3     Continued Participation

Notwithstanding Section 2.1 and subject to Section 7.2. a Participant transferred from a United States payroll of an Employer to a foreign payroll of an Employer or an Affiliated Company shall be treated as an Eligible Employee and may continue to participate hereunder.

ARTICLE III

Service

3.1     Periods of Service.

(a)    Subject to the rules set forth in this Section 3.1. Periods of Service means the periods of service commencing on an Employee's Date of Employment or Date of Reemployment. whichever is applicable. and ending on any Severance Date.

(b)    Unless otherwise specified herein. service before and after January 1, 1993, will be aggregated for eligibility and vesting as follows:

(i)    Periods of Service prior to the Effective Date will be determined as if this Plan had been in effect since the Employee's Date of Employment;

-20-

CBPJPMC00001491

CHEMICAL

provided that if an Employee was a participant in the Prior Plan or the MHT Plan, his Period of Service as of the Effective Date will not be less than his Period of Service or Years of Service as calculated under the Prior Plan or MHT Plan respectively; and

(ii)     All Periods of Service after December 31, 1992, will be determined under the terms of this Plan, without reference to the Prior Plan or the MHT Plan.

By way of clarification, Section 3.1(b)(i) is not intended to provide for vesting or benefit accruals under the MHT Plan or Prior Plan (or any predecessor plan) with respect to benefits which were forfeited prior to the Effective Date of this Plan.

(c)     For purposes of calculating the Accruing Factor under Section 4.3, as of any particular date, Periods of Service will include only the service with the controlled group of corporations that employed an Employee on December 31, 1991 and any service thereafter with any Affiliated Company.

(d)     For each 365 days of service, whether or not consecutive, the Employee will be credited with a Period of Service of one year; and except as provided in Section 3.1(f) below, for Periods of Service of less than 365 days, a partial Period of Service will be credited on the basis of 1/365th of a year for each calendar day.

(e)     For purposes of calculating the Final Salary Benefit in Section 5.1(a)(ii), Periods of Service means any periods of service commencing on the later of

-21-

CHEMICAL

(1) January 1, 1993 or (2) the date an Eligible Employee becomes a Participant (or again becomes a Participant, whichever is applicable) pursuant to Section 2.2 and ending, with the earlier of, the Participant's (1) Severance Date, or (2) the date he/she ceases to be an Eligible Employee.

(f)    Solely for purposes of calculating a Final Salary Benefit under Section 5.1, service during a calendar month in which a Participant incurs a final Severance Date, or is no longer an Eligible Employee shall be deemed as a whole month.

(g)    Except as may be otherwise provided herein, for purposes of calculating an accrued benefit under the Prior Plan or the MHT Plan, only service as recognized under the Prior Plan or MHT Plan will be used.

(h)    A Period of Service will not include any period of employment with an Affiliated Company prior to the date such company became an Affiliated Company, unless specifically included by an amendment to the Plan.

(i)    A Period of Service solely for the purposes of eligibility to participate and vesting will include any period of time due to service as a "Leased Employee" (within the meaning of Section 414(n) of the Code) of an Affiliated Company if such individual is reclassified as an Eligible Employee;

(j)    Solely for purposes of Sections 4.5 and 5.1, a Participant's Period of Service will not include any Period of Service prior to a Break in Service unless:

(i)    the Employee was vested in his/her accrued benefit under the Plan, Prior Plan or MHT Plan prior to the Break in Service; or

-22-

CBPJPMC00001493

*CHEMICAL*

(ii)  the Employee's number of consecutive one-year Breaks in Service does not equal or exceed five.

Notwithstanding (ii) above, a Period of Service will include for purposes of Section 5.1(b), any Years of Benefit Service if employed by a Participating Company under the MHT Plan before January 1, 1983 and if a Break in Service is incurred prior to January 1, 1988; provided that the Employee is reemployed after January 1, 1988 as an Eligible Employee and does not incur a Break in Service prior to the expiration of a Period of Service of one year or more.

(k)  Solely for purposes of calculating a Final Salary Benefit under Section 5.1, additional Periods of Service shall be granted under Section 5.3 to a Participant who is an MHT Eligible Retiree.

(l)  Except as provided in the preceding paragraph (j), separate Periods of Service will be aggregated.

CBPJPMC00001494

*CHEMICAL*

# ARTICLE IV

## Account Balance

4.1    Accounts

(a)    As of the date an Eligible Employee becomes a Participant, an Account will
be established with respect to such Participant.  Credits will be made to the
Account of a Participant pursuant to the provisions of this Article IV.
Accounts will be bookkeeping accounts, and neither the maintenance of, nor
the crediting of amounts to, such Accounts will be treated as (i) the allocation
of assets of the Plan to, or a segregation of such assets in, any such Account
or (ii) otherwise creating a right in any person to receive specific assets of the
Plan.

(b)    A Participant in the Prior Plan with a Credit Balance under the Prior Plan as
of December 31, 1992 will have added to such Credit Balance the benefits
provided for under this Article IV of this Plan.

(c)    An Account may consist of two sub-accounts:  the Prior Service Balance, if
any, and the Salary-Based Credit Balance.  The Prior Service Balance consists
of the Prior Service Credit as determined under Section 4.2 of the Prior Plan
plus Transition Credits under the Prior Plan through December 31, 1992 and
under Section 4.2 hereof after December 31, 1992.  The Salary-Based Credit
Balance consists of Salary-Based Credits plus Interest Credits under the Prior
Plan through December 31, 1992, if any, and under Section 4.3 hereof after
December 31, 1992.  The aggregate of the two balances equals the "Credit
Balance" of an Account.

-24-

CBPJPMC00001495

CHEMICAL

4.2     Transition Credits

(a)     As of any Valuation Date, credits are made to the Prior Service Balance of each Participant equal to the Transition Credit.  Such Transition Credit terminates on the earliest of the date that a Participant:

(i)     ceases to qualify as an Eligible Employee;

(ii)    fails to return to service from an Authorized Absence (including a leave for short-term disability), or

(iii)   has a Severance Date.

(b)     The Prior Service Balance of a Participant who is receiving or entitled to receive benefits under a long term disability plan or program of an Employer will receive Transition Credits until the earlier of a Participant's Severance Date or election to receive any portion of the Accrued Benefit of such individual under the Plan.

(c)     Following the date that the Transition Credit ceases, credits are made to the Prior Service Balance (as if such Balance were a Salary-Based Credit Balance) equal to the Interest Credit as set forth in Section 4.3.

(d)     The Transition Credit for any Valuation Date equals the Prior Service Balance as of the immediately preceding Valuation Date multiplied by the Transition Factor.

-25-

CBPJPMC00001496

CHEMICAL

4.3    Salary-Based Credit Balance

(a)    Effective as of January 1, 1993, as of any Valuation Date, credits are made to the Account of each Participant who is an Eligible Employee equal to the Salary-Based Credit. Such credits continue to be made for each Participant who continues to be an Eligible Employee after attaining Normal Retirement Date. Salary-Based Credits shall cease as provided in Section 4.3(e).

(b)    The Salary-Based Credit equals the Salary of the Participant for the period commencing with the date of participation and ending on the quarterly Valuation Date immediately following such date of (and thereafter the Salary for the period commencing on such quarterly Valuation Date and ending on the next following quarterly Valuation Date) times the "Accruing Factor." (Salary shall be prorated for a calendar quarter when the date of participation is not the beginning of a calendar quarter.) The Accruing Factor is a percentage based upon the Participant's Period of Service as of the first day of the calendar quarter for which the Salary-Based Credit is provided as follows:

| Period of Service | Percentage of Salary |
|---|---|
| 1 to 10 years | 4% |
| 11 to 20 years | 5% |
| 21 or more years | 6% |

(c)    As of any Valuation Date, credits are made to the Salary-Based Credit Balance equal to the Interest Credit. Such Interest Credits continue to be made for Participants until such Interest Credits cease in accordance with subsection (f) below.

-26-

CBPJPMC00001497

///CHEMICAL

(d) The Interest Credit as of the Valuation Date equals the Salary-Based Credit Balance as of the immediately preceding Valuation Date multiplied by the Interest Factor.

(e) The Salary-Based Credit cease as of a Participant's Severance Date or the date such individual is no longer an Eligible Employee. Notwithstanding anything herein to the contrary, the Participant's Salary-Based Credit Balance will be increased by multiplying the appropriate Accruing Factor by Salary paid after the Severance Date or the date such individual is no longer an Eligible Employee, but earned prior to such date while a Participant.

(f) Subject to (e) above, the Interest Credit ceases as of the day immediately preceding the Date of Distribution. (For these purposes, the Date of Distribution is the date of a check (or if a transfer by electronic means, the date funds are available) representing a lump sum distribution or, for a periodic payment, the Annuity Starting Date.)

4.4    Disability and Military Service

(a) In the event of an Authorized Leave by reason of a short-term disability of a Participant, the Salary-Based Credit credited to the Participant's Salary-Based Credit Balance will be based on the Participant's Salary paid during the period of disability; provided that it shall not include any state disability payments made after the date an Employer ceases the payment of Salary.

(b) In the event of an Authorized Leave by reason of a long-term disability of a Participant who is entitled to benefits under the Disability Plan, the Salary-

-27-

CBPJPMC00001498

CHEMICAL

Based Credit credited to the Participant's Salary-Based Credit Balance on any Valuation Date will be based on the Participant's Salary as defined below. Such Salary-Based Credit will continue to be credited until the earliest of:

(i)    the date of a Participant's return to active employment with an Employer or an Affiliated Company, or

(ii)    his Severance Date, or

(iii)    the date that the Participant elects to receive any benefit provided under this Plan, or

(iv)    the date disability benefits cease under the Disability Plan.

Solely for purposes of this Section 4.4(b), Salary shall mean the actual rate of pay immediately preceding the onset of disability expressed as a quarterly amount.

(c)    In the event a Participant is credited with Service while on military leave pursuant to Article III, such individual will receive Interest Credits and Salary-Based Credits for such Period of Service upon return to employment with the Employer or an Affiliated Company. The Salary-Based Credit credited to the Participant's Salary-Based Credit Balance will be based on the Participant's Salary for the quarter immediately preceding the date of the leave. The Prior Service Balance will be credited with the excess of (i) the Transition Credit from the date of the leave to the Date of Reemployment over (ii) the Interest Credits, if any, actually credited to his Prior Service Balance.

-28-

CBPJPMC00001499

☰ CHEMICAL

4.5     Accrued Benefit

The portion of the Accrued Benefit derived from the Credit Balance of a Participant described in Article IV as of any determination date, is an increasing monthly annuity for the life of the Participant (without survivor benefits), commencing immediately, which is the Actuarial Equivalent of the Participant's Credit Balance as of the determination date. Each January 1 following the determination date, the amount of the monthly annuity for that calendar year increases by the lesser of: (i) five percent (5%), or (ii) the rate or rates which would be used, as of such January 1 by the PBGC for purposes of determining the present value of the Participant's benefits under the Plan, as if the Plan had terminated on such January 1.

4.6     Eligible Retiree and Certain Others

(a)     Notwithstanding anything herein to the contrary, a Participant who was a Chemical Eligible Retiree will receive an additional benefit equal to 10 percent of the greater of (i) such Participant's Credit Balance as of the later of June 30, 1992 or Severance Date or (ii) such Participant's frozen accrued benefit as of the later of June 30, 1992 or the Severance Date. Such additional benefit will be payable as of the Date of Distribution in the same form as the Participant's other benefits hereunder. Such additional benefit will be subject to Interest Credits (or in the case of a frozen accrued benefits, actuarial adjustments) only from the later of July 1, 1992 or day following the Severance Date.

(b)     A Participant in the Prior Plan (i) who incurred an Eligible Termination on or between July 15, 1991 and June 30, 1992, as a result of a merger related downsizing due to the merger of the Corporation and Manufacturers Hanover

-29-

CBPJPMC00001500

CHEMICAL

Corporation and of certain of their subsidiaries and who received a lump sum severance payment from his Employer, or (ii) whose inactive employment was specifically scheduled to terminate after July 1, 1992 as the result of the expiration of a paid Authorized Leave (unrelated to a short- or long-term disability) and who elected to terminate such leave status prior to its expiration, and who in either the case of (i) or (ii) would have satisfied the age and service requirements to be a Chemical Eligible Retiree but for such prior Eligible Termination or terminal paid Authorized Leave, will receive:

(A)     with respect to annuity payments in pay status on or before July 1, 1992, an additional benefit equal to a 10 percent increase in each such annuity payment commencing with the first payment due on or after June 30, 1992;

(B)     with respect to a lump sum distribution made prior to June 30, 1992, an additional benefit equal to 10 percent of such lump sum distribution payable as of June 30, 1992 to be paid as a lump sum; and

(C)     with respect to a Credit Balance not in pay status as of June 30, 1992, a credit to such Account equal to 10 percent of the Credit Balance (or frozen accrued benefit, if greater) as of (x) the end of the third month following the Severance Date of a Participant if the employment of the Participant terminated prior to June 30, 1992; or (y) Severance Date if later than June 30, 1992; provided that any such additional benefit described herein shall be subject to Interest Credits or actuarial adjustments only from the later of July 1, 1992 or the Severance Date; and provided further that such additional benefit shall be payable as of

CBPJPMC00001501

the Date of Distribution in the same form as the Participant's other benefits hereunder.

(c)     No additional benefit shall be payable under this Section, unless the Chemical Eligible Retiree (or Participant described in Section 4.6 (b)) (i) has executed a general release in a form prescribed by the Plan Administrator and which release is accepted in writing by the Plan Administrator, (ii) is not deceased as of June 30, 1992 and (iii) terminates employment or terminates leave status under terms and conditions specified by his Employer on a date agreed to by his Employer.

## ARTICLE V
### Final Salary Benefit

5.1    Final Salary Benefit

(a)     The Final Salary Benefit of a Participant who is vested in his/her Accrued Benefit shall be a single life annuity, payable in equal monthly installments starting on his/her Normal Retirement Date in an annual amount equal to the product of:

(i)       one percent of Final Average Salary, and

(ii)      the Periods of Service after December 31, 1992 during which such Periods of Service, the Participant was both an Eligible Employee and a Participant, determined in accordance with Article III, and expressed in whole year periods and whole month periods (if any).

-31-

CBPJPMC00001502

*CHEMICAL*

(b)     The Final Salary Benefit of a Participant who had a accrued benefit under the MHT Plan prior to its merger into this Plan which was not in pay status as of December 31, 1992, who was an Eligible Employee on January 1, 1993 and who is vested in his/her Accrued Benefit shall include the following annual amount (in addition to the annual amount described in paragraph (a) above) which shall be a single life annuity, payable in equal monthly installments starting on his/her Normal Retirement Date in an annual amount equal to the sum of:

(i)     the product of (A) 1.25 percent of Final Average Salary and (B) Years of Benefit Service under the MHT Plan through December 31, 1992 but not in excess of 20 years, and

(ii)    the product of (A) .75 percent of Final Average Salary and (B) Years of Benefit Service under the MHT Plan through December 31, 1992 in excess of 20 years (but not more than 40 years).

Years of Benefit Service shall have the meaning set forth in the MHT Plan. Final Average Salary shall include Salary earned after December 31, 1992.

(c)     Accruals under this Section 5.1 continue for each Participant who continues to be an Eligible Employee after attaining Normal Retirement Age. A Participant who remains employed beyond his/her Normal Retirement Age may elect to retire and start receiving his/her Final Salary Benefit on the first day of any month after terminating employment as an Employee.

CBPJPMC00001503

*CHEMICAL*

5.2    Payments Prior to Age 65

(a)    A Participant, who retires on his/her Early Retirement Date from the employ of an Employer, may elect to have payments of his/her vested Final Salary Benefit commence as of the first day of any month after attaining age 55 subject to the following:

(i)    The Final Salary Benefit as determined under Section 5.1 is payable without reduction (x) if the Annuity Starting Date is the first day of the month after a Participant attains age 60 and (y) if the Participant has on his/her Severance Date (1) completed a total Period of Service (including service prior to the Effective Date) of at least 10 years and (2) attained at least age 55;

(ii)    The Final Salary Benefit as determined under Section 5.1 is payable with a reduction of .5 percent for each month by which the Annuity Starting Date precedes the first day of the month after the Participant attains age 60 if the Participant has on his/her Severance Date (x) completed a total Period of Service (including service prior to the Effective Date) of at least 10 years and (y) attained at least age 55, and

(b)    A Participant described in either Section 9.5(b) or (c) may elect to have the payment of Final Salary Benefit commence as of (x) the first day of any month after attaining age 54 and before attaining age 60 subject to the reduction factor specified in Section 5.2(a)(ii), or (y) the first day of any month after attaining age 60 without reduction as specified in Section 5.2(a)(i).

-33-

CBPJPMC00001504

CHEMICAL

(c)    A Participant may elect to have payment of his/her vested Final Salary Benefit as determined under Section 5.1 commence as of the first day of any month after attaining age 55, subject to a reduction of .625 percent for each month by which the Annuity Starting Date precedes the Participant's Normal Retirement Date if the Participant has on his/her Severance Date (x) a total Period of Service of at least 10 years (including service prior to the Effective Date) and (y) not attained age 55.

5.3    MHT Eligible Retirees

(a)    This Section 5.3 applies to each (i) MHT Eligible Retiree and (ii) Participant in the MHT Plan who (A) incurred an Eligible Termination on or after July 15, 1991 and before June 30, 1992, as a result of a merger related downsizing due to the merger of the Corporation and Manufacturers Hanover Corporation and of certain of their subsidiaries and who received a lump sum severance payment from his Employer, and (B) would have satisfied the age and service requirements to be an Eligible Retiree, but for such prior Eligible Termination (a "Retroactive Eligible Retiree").

(b)    Notwithstanding Section 9.5, an MHT Eligible Retiree who has not attained age 54, may nonetheless elect to terminate his/her employment as an Employee on or after attaining age 50 and start receiving his/her Final Salary Benefit on the first day of any month thereafter. Such Final Salary Benefit is reduced by .5 percent for each month by which the Annuity Starting Date precedes the first day of the month after the date such individual would attain age 60.

CBPJPMC00001505

*Chemical*

(c)    An MHT Eligible Retiree who has completed a Period of Service of at least 11 years, but less than 20 years as of his/her actual Severance Date, shall be (i) credited with an additional six month Period of Service for purposes of benefit accrual under Section 5.1, and (ii) treated as if the benefit commenced six months later than the actual date of commencement for purposes of the actuarial reductions specified in Section 5.3 (b) above. or Section 5.2 above, as the case may be.

(d)    An MHT Eligible Retiree who has completed a Period of Service of at least 20 years, shall be (i) credited with an additional Period of Service of one year for purposes of benefit accrual under Section 5.1, and (ii) treated as if the benefit commenced twelve months later than the actual date of commencement for purposes of the actuarial reductions specified in Section 5.3 (b) above, or Section 5.2 above, as the case may be.

(e)    An MHT Eligible Retiree shall be entitled to an increase in his/her monthly benefit under the Final Salary Benefit in an amount equal to ten percent of the monthly amount payable to a MHT Eligible Retiree after (i) the Final Salary Benefit has been adjusted to reflect the commencement date (including any additional Periods of Service or actuarial adjustments, if any, under this Section 5.3), and (ii) the Final Salary Benefit has been converted into the form of benefit elected by the Participant under Article 8 of the Plan.

(f)    A Retroactive Eligible Retiree who commenced receiving benefits under the MHT Plan prior to July 1, 1992 shall be entitled to an increase in his/her monthly benefit payable under the MHT Plan in an amount equal to ten percent of the monthly amount being paid to such individual. commencing July 1,

-35-

CBPJPMC00001506

*Chemical*

1992. A Retroactive Eligible Retiree who retired or otherwise incurred an Eligible Termination on or prior to June 30, 1992, but elected to defer commencement of his/her benefits under the MHT Plan, shall be entitled to a ten percent increase in his/her monthly benefit under the MHT Plan in the same manner as a MHT Eligible Retiree described above in paragraph (e).

(g)    Benefits payable to a (i) Surviving Spouse of an MHT Eligible Retiree or Retroactive Eligible Retiree under (A) the Joint and 50% Survivor (Spouse) Annuity or the Joint and Survivor Benefit under this Plan, or (B) the MHT Plan QJSA benefit, the additional joint and survivor benefit or the post-retirement survivor benefit (each as described in the MHT Plan) or (ii) Beneficiary under the Joint and Survivor Benefit, each shall be calculated as a percentage of the monthly amount actually received by the deceased Eligible Retiree (or Retroactive Eligible Retiree) after all benefit increases and actuarial adjustments under this Section 5.3, if any, have been applied to the deceased's benefit. This shall also apply to a deferred benefit commencement date.

(h)    The survivor benefit payable to the Surviving Spouse of a Participant who would have been an Eligible Retiree but for the fact the he/she died:

(i)    prior to July 1, 1992, under the MHT Plan QPSA shall be based on the MHT Plan QJSA that would have been payable to the deceased, excluding the benefit increases and actuarial adjustments provided under this Section 5.3, or

(ii)    on or after July 1, 1992, but prior to the date specified by his/her Employer, under the MHT Plan QPSA shall be based on the MHT Plan

-36-

*CHEMICAL*

QJSA that would have been payable to the deceased, after including all benefit increases and actuarial adjustments provided under this Section 5.3.

5.4    Chemical Residential Mortgage Company

Solely for the purpose of calculating the Period of Service as a Participant under Section 5.1(a)(ii), an Eligible Employee who was employed by Chemical Residential Mortgage Company on January 1, 1993 and who did not participate in the Prior Plan or the MHT Plan on such date shall be deemed to be a Participant in this Plan from the date that such individual would have been eligible to participate in the MHT Plan had such MHT Plan been adopted by Chemical Residential Mortgage Company when it first became a member of the controlled group of corporations of which MHT was a member. In applying the foregoing sentence, the reference to December 31, 1992 in Section 5.1(a)(ii) shall not be applicable.

5.5    Minimum Benefit

Notwithstanding anything in this Article V to the contrary, a Participant with a vested Accrued Benefit who was a Participant in the MHT Plan on December 31, 1992 and who incurs a Severance Date after December 31, 1992 will receive the greater of the Final Salary Benefit as described in Section 5.1 or the minimum alternative benefit described below, if applicable. Such minimum alternative benefit is the maximum benefit accrued for such Participant under the MHT Plan up to December 31, 1992 (including actuarial adjustments and forms of payments, if any) without taking into account any additional Years of Service, Years of Benefit Service, Periods of Service, or increases in Final Average Salary after December 31, 1992. In calculating such minimum alternative benefit(s), the terms and conditions of the MHT Plan shall apply. If applicable under the relevant formula of the MHT Plan, the vested value of the

-37-

CBPJPMC00001508

*CHEMICAL*

Flexible Retirement Account maintained in name of the Participant under Savings Incentive Plan of Chemical Bank and Certain Affiliated Companies will be determined at the earlier of five months prior to such individual's Severance Date; provided that with respect to any individual who separated from service prior to May 31, 1993 and whose Annuity Starting Date for purpose of the Final Salary Benefit occurs on or before May 31, 1993, the value of the Flexible Retirement Account shall be determined as of December 31, 1992. In no event shall a Participant's minimum alternative benefit (computed without regard to the Flexible Retirement Account under the Savings Incentive Plan of Chemical Bank and Certain Affiliated Companies) on a Normal Retirement Date be less than the amount (computed without regard to the Flexible Retirement Account) the Participant could have received if he/she had retired on any date which could have been an Early Retirement Date.

5.6    Disability and Military Leave

(a)    In the event of a short-term disability of a Participant, the Final Salary Benefit will be based upon the Participant's Salary during the period of disability, and will include the period of disability as a Period of Service if it constitutes an Authorized Absence; provided that Salary shall not include any state disability payments made after the date an Employer ceases the payment of Salary.

(b)    In the event of a long-term disability of a Participant who is entitled to benefits under the Disability Plan after December 31, 1992, the Final Salary Benefit will continue to be accrued during the period while disability benefits are received from the Disability Plan. Such accrual will continue until the earlier of:

-38-

CBPJPMC00001509

*CHEMICAL*

(i)    the date of the Participant's return to active employment with an Employer,

(ii)   his Severance Date, or

(iii)  the date that the Participant elects to receive any benefit provided under this Plan, or

(iv)   long term disability benefits cease under the Disability Plan.

(c)    In the event a Participant is credited with Service while on military leave pursuant to Article III, such individual will accrue additional benefits under the Final Salary Benefit for such Period of Service upon return to employment with the Employer within the period during which employment is guaranteed by law.

5.7    Cost-of-Living Adjustments

Cost-of-Living Adjustments that became payable under the Retirement Plan of Chemical Bank and Certain Affiliates (predecessor of the Prior Plan) and the MHT Plan before the Effective Date shall continue to be payable in accordance with the terms of each respective Plan.

-39-

CBPJPMC00001510

CHEMICAL

5.8    Supplements

The provision of "supplements" described in Section 17.4 of the MHT Plan shall remain in effect in determining the rights and benefits of such former Participants.

ARTICLE VI

Vesting

6.1    Vested Benefit

(a)    A Participant who has completed a Period of Service of at least 5 years has a nonforfeitable right to 100% of his Accrued Benefit; provided that if the employment of a Participant terminates as a result of an Eligible Termination after a Period of Service of at least 4 years, such Participant shall have a nonforfeitable right to 100% of his Accrued Benefit.

(b)    Upon attainment of Normal Retirement Age, a Participant has a nonforfeitable right to 100% of his Accrued Benefit.

(c)    When a Participant has a nonforfeitable right to 100% of his Accrued Benefit, he is entitled to Plan benefits pursuant to Articles IV and V.

-40-

*CHEMICAL*

6.2     Forfeitures

(a)     A Participant who is not vested in his Accrued Benefit as of his Severance Date will be deemed to have received a cash-out of the vested portion of his Accrued Benefit, and the unvested portion shall be forfeited. The Accrued Benefit that has been forfeited is subject to being re-established pursuant to the provisions of Section 7.5.

(b)     Any forfeiture will be used to reduce the contributions to the Plan otherwise payable by the Employers and will not be applied to increase the benefits that any Participant or retired Participant would otherwise receive under the Plan.

6.3     Outstanding Checks

Notwithstanding any other provision of the Plan, in the event the Plan Administrator, after reasonable effort, is unable to locate a Participant or Beneficiary to whom an outstanding check is payable with respect to benefits due from the Plan, such outstanding checks shall be canceled and used to reduce future Employer contributions; provided, however, that such benefit shall be restored (in an amount equal to the amount canceled) upon proper claim made by such Participant or Beneficiary. Benefits canceled under this Section 6.3 shall be restored to the Participant or Beneficiary in the following order of priority:

(a)     from canceled benefits arising under this Section 6.3, and

(b)     from additional Employer contributions made to restore such canceled benefits.

-41-

CBPJPMC00001512