UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                    :

FRANK BILELLO, individually and on behalf of all  :
others similarly situated,                       :  <u>Via ECF</u>

                         Plaintiff,    :

                                      :  Case No.: 07-CV-7379(RJS)

         vs.                       :

                                      :

JPMORGAN CHASE RETIREMENT PLAN,    :
JPMORGAN CHASE DIRECTOR OF HUMAN    :
RESOURCES, as administrator of the JPMorgan  :
Chase Retirement Plan,                 :

                         Defendants.  :
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT

SIMPSON THACHER & BARTLETT LLP
Thomas C. Rice, Esq. (trice@stblaw.com)
Jonathan K. Youngwood, Esq.
(jyoungwood@stblaw.com)
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

JPMORGAN CHASE LEGAL DEPARTMENT
Meryl R. Kaynard, Esq.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
Telephone: (212) 552-6825

*Attorneys for Defendants*

## Table of Contents

**Page**

I.   PLAINTIFF'S "BACKLOADING" CLAIMS IN COUNTS 1 AND 6 FAIL ....................1

II.  THERE IS NO "DEFINITELY DETERMINABLE" REQUIREMENT IN ERISA
     AND THUS COUNTS 2 AND 3 FAIL TO STATE A CAUSE OF ACTION..................2

III. PLAINTIFF CANNOT HAVE BEEN INJURED BY THE FORFEITURE
     ALLEGED IN COUNTS 4 AND 5 ...................................................................3

IV.  COUNTS 1 AND 7-9 FAIL TO SATISFY RULE 8 AND COUNT 7
     OTHERWISE FAILS TO STATE A CLAIM....................................................4

V.   COUNTS 1-9 ARE TIME BARRED ...............................................................6

VI.  COUNTS 10 AND 11 MUST BE DISMISSED BECAUSE THEY SEEK TO
     IMPOSE GREATER OBLIGATIONS THAN ERISA REQUIRES .................................8

VII. PLAINTIFF IS NO LONGER A "PARTICIPANT" AND LACKS STANDING
     TO BRING THIS ACTION..........................................................................9

## Table of Authorities

### Cases

*Amara v. Cigna Corp.*, 534 F. Supp. 2d 288 (D. Conn. 2008) ........................................ 5-6

*Austin v. Ford*, No. 95 Civ. 3730, 1998 WL 88744 (S.D.N.Y. Mar. 2, 1998) .............................. 8

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ........................................ 4

*Berger v. Xerox Corp.*, 338 F.3d 755 (7th Cir. 2003) ........................................ 4

*Bernstein v. City of New York*, No. 06 Civ. 895, 2007 WL 1573910 (S.D.N.Y.
 May 24, 2007) ........................................ 6

*Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006) ........................................ 10

*Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110 (2d Cir.
 2002) ........................................ 4

*Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867 (1984) ........................................ 9

*Crawford v. Lamantia*, 34 F.3d 28 (1st Cir. 1994) ........................................ 9-10

*Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130 (2d Cir. 2001) ........................................ 6

*Esden v. Bank of Boston* 229 F.3d 154 (2d Cir. 2000) ........................................ 2-4

*Finley v. Dun & Bradstreet Corp.*, 471 F. Supp. 2d 485 (D.N.J. 2007) ........................................ 1-2

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) ........................................ 9

*Frommert v. Conkright* 433 F.3d 254 (2d Cir. 2006) ........................................ 6

*Hirt v. Equitable Retirement Plan for Employees*, 450 F. Supp. 2d 331 (S.D.N.Y.
 2006), *appeal docketed*, No. 06-4757 (2d Cir. Oct. 13, 2006) ........................................ 7

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 333 F.3d 763 (7th Cir.
 2003) ........................................ 9

*In re JPMorgan Chase Cash Balance Litig.*, 242 F.R.D. 265 (S.D.N.Y. 2007) ........................................ 9, 10

*In re WorldCom Sec. Litig.*, 496 F.3d 245 (2d Cir. 2007) ........................................ 8

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ........................................ 5

*Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588 (2d Cir. 1993) ........................................ 10

*Kuntz v. Reese*, 785 F.2d 1410 (9th Cir. 1986) ........................................ 9

*Langman v. Laub*, 328 F.3d 68 (2d Cir. 2003) ........................................ 2

*LaRue v. DeWolff, Boberg & Assocs., Inc.*, 128 S. Ct. 1020 n.6 (2008) ...................................... 10

*McFaul v. Loews Corp.*, No. 93 Civ. 2401, 1993 WL 541778 (S.D.N.Y. Dec. 30, 1993) ............................................................................................................................................. 8

*Mitchell v. Mobil Oil Corp.*, 896 F.2d 463 (10th Cir. 1990) ............................................. 9

*Proujansky v. Blau*, No. 92-8700, 2001 WL 963958 (S.D.N.Y. Aug. 22, 2001) ........................... 8

*Register v. PNC Fin. Servs. Group, Inc.*, 477 F.3d 56 (3d Cir. 2007) ....................................... 2, 6

*Reklau v. Merchants Nat'l Corp.*, 808 F.2d 628 (7th Cir. 1986) ....................................... 2

*Romero v. Allstate Corp.*, 404 F.3d 212 (3d Cir. 2005) ...................................... 6-7

*Saltzman v. Kross*, No. 00 CV 1186, 2006 WL 516795 (N.D.N.Y. Feb. 28, 2006) ...................... 7

*Suozzo v. Bergreen*, No. 00 Civ. 9649, 2003 WL 256788 (S.D.N.Y. Feb. 5, 2003) ..................... 2

*Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947 (6th Cir. 1990) ................................................................................................................................ 10

*Villarini-Garcia v. Hosp. Del Maestro, Inc.*, 8 F.3d 81 (1st Cir. 1993) ..................................... 7

## Statutes

29 U.S.C. § 1002(7) ................................................................................................................ 9

ERISA § 104(b) ...................................................................................................................... 8

ERISA § 105(a) ...................................................................................................................... 8

ERISA § 204(b)(1)(B) ............................................................................................................ 1

ERISA § 204(b)(1)(B)(i) ........................................................................................................ 2

## Other Authorities

63 Fed. Reg. 68678 (1998) ..................................................................................................... 6

IRS Notice 96-8, 1996-1 C.B. 359 ......................................................................................... 3

Prop. Treas. Reg. § 1.411(b)(5)-1, 72 Fed. Reg. 73680-01 (Dec. 28, 2007) ...................... 4

Treas. Reg. § 1.411(b)-1(b)(2)(ii)(B) ..................................................................................... 1

Defendants[1] respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint.

## ARGUMENT

Counts 1-11 of Plaintiff's blunderbuss complaint should be dismissed for the reasons set forth in Defendants' Motion and, as set forth below, for the additional reason — established by Plaintiff's opposition brief ("Plaintiff's Opposition" or "Pl.'s Opp'n") — that Plaintiff lacks standing to pursue any of his claims.

## I.    PLAINTIFF'S "BACKLOADING" CLAIMS IN COUNTS 1 AND 6 FAIL

*Count 1:* Plaintiff's contention that he can state a backloading claim even if there is only "a *possibility* that the [133 1/3 percent] rule could be violated" is unfounded. Pl.'s Opp'n at 17 (emphasis in original). ERISA § 204(b)(1)(B) states that a plan must satisfy the 133 1/3 percent rule with regard to "any individual who is or could be a participant." This provision plainly means that to determine whether a plan is backloaded, it must be tested with respect to participants with any relevant characteristics (*e.g.*, compensation, service history, etc.) that may affect benefit accrual even if no current participant has those characteristics. *See, e.g.*, Treas. Reg. § 1.411(b)-1(b)(2)(ii)(B). But neither the statute nor regulations suggest that a plan is backloaded because there is a hypothetical possibility that an improper interest rate might have been used. The Amended Complaint fails to allege that an improper rate was ever used or that any such improper rate resulted in backloaded accruals for any plan year. A complaint must allege facts that give rise to a claim. In this case, the Amended Complaint does not. *See Finley v. Dun & Bradstreet Corp.*, 471 F. Supp. 2d 485, 494 (D.N.J. 2007) (complaint that did not

---

[1]    Unless otherwise indicated, capitalized terms shall have the meanings defined in the Memorandum of Law In Support of Defendants' Motion to Dismiss The First Amended Class Action Complaint, dated February 25, 2008 ("Defendants' Motion" or "Defs.' Mot.").

allege facts showing that the plaintiff's benefit accruals were actually backloaded "[made] no particularized allegation of a violation of the 133 1/3% rule").

  **_Count 6:_**  Plaintiff's contention — that an amended pension plan is impermissibly backloaded when it provides for a "minimum benefit" based on benefits accrued under a prior plan and thereby creates a potential "wearaway" effect — is at odds with the clear language of the statute and has been rejected by every court (and a 2008 IRS revenue ruling) that has addressed it.  *See* Defs.' Mot. at 7-11.  Plaintiff's Opposition does not point to a single case in which a court was confronted with a similar set of allegations and held that there was backloading.  Plaintiff argues unconvincingly that the courts and the IRS are wrong because of dicta in *Esden v. Bank of Boston* concerning the 133 1/3 percent rule.  229 F.3d 154 (2d Cir. 2000).  *Esden* simply does not address the application of the 133 1/3 percent rule in the context of an amended plan that replaces a prior plan.  *See id.* at 167.  Indeed, in a subsequent decision that is ignored by Plaintiff, the Second Circuit made clear that the 133 1/3 percent rule only "applies to how a given plan operates at a given time." *Langman v. Laub*, 328 F.3d 68, 71 (2d Cir. 2003).[2]  As demonstrated in Defendants' Motion, this claim should be dismissed.

## II. THERE IS NO "DEFINITELY DETERMINABLE" REQUIREMENT IN ERISA AND THUS COUNTS 2 AND 3 FAIL TO STATE A CAUSE OF ACTION

  Counts 2 and 3 are based on the assumption that ERISA provides for a cause of action to enforce the "definitely determinable requirement" in the IRC.  There is no such cause of action and these counts must be dismissed.  *See* Defs.' Mot. at 12-14.[3]  Plaintiff misreads and

---

[2] Plaintiff's suggestion that the 1991 Chemical Cash Plan's "minimum benefit" provision must be included in any application of the 133 1/3 percent rule is wrong.  Pl.'s Opp'n at 14-15.  ERISA § 204(b)(1)(B)(i) requires that "any amendment . . . be treated as in effect for all other plan years."  Assuming that the 1991 Chemical Cash Plan (*i.e.*, the "amendment") was in effect for "all other plan years," there would have been no "minimum benefit" accrued under a prior plan formula, and so that benefit is disregarded in determining compliance with 133 1/3 percent rule.  *See, e.g., Register v. PNC Fin. Servs. Group, Inc.*, 477 F.3d 56, 72 (3d Cir. 2007).

[3] It is equally clear that there is no private right of action under § 401 of the IRC, which includes the "definitely determinable" requirement.  *See, e.g., Reklau v. Merchants Nat'l Corp.*, 808 F.2d 628, 631 (7th Cir. 1986); *Suozzo v. Bergreen*, No. 00 Civ. 9649, 2003 WL 256788, at *2 (S.D.N.Y. Feb. 5, 2003).

selectively quotes from a passage in *Esden* that simply lists certain provisions of ERISA and the IRC, Pl.'s Opp'n at 18, but does not address whether any of these provisions provide for a cause of action. *See Esden*, 229 F.3d at 158-59. Indeed, in its detailed analysis of the definitely determinable requirement, *Esden* made no mention of any right of action under ERISA for an alleged violation of this IRC requirement. *See id.* at 166. By contrast, the cases that *have* addressed this issue (including three Circuit Courts and one Court in this district) establish that there is no ERISA cause of action arising from the "definitely determinable" requirement. *See* Defs.' Mot. at 14.

## III.   PLAINTIFF CANNOT HAVE BEEN INJURED BY THE FORFEITURE ALLEGED IN COUNTS 4 AND 5

Counts 4 and 5 allege a forfeiture resulting from an alleged failure to project "future interest credits to normal retirement age" (Compl. ¶ 66) when "payment to a participant begins before normal retirement age." (Compl. ¶ 70). These Counts are based on IRS Notice 96-8, which states that projecting interest credits to age 65 is necessary when calculating the accrued benefit of an employee who takes his benefit *before* age 65: "[A]n employee's accrued benefit as of any date *before attainment of normal retirement age* is based on the employee's hypothetical account balance as of normal retirement age, *including future interest credits to that age.*" 1996-1 C.B. 359 (emphasis added).[4] Here, when he commenced this action, Plaintiff had already reached the "normal retirement age" of 65 under the JPMC Plan and thus cannot personally be injured by any alleged failure to project interest credits to age 65. As such, he lacks standing to pursue these claims. *See* Defs.' Mot. at 14-15.[5]

---

[4]    As Notice 96-8 indicates, this calculation was unnecessary if the plan used a safe harbor interest rate.

[5]    Count 5 must be also dismissed because the "transition credits" at issue cease with an employee's termination, and thus there is simply no need to project the value of transition credits between the time an employee terminates his employment and age 65. *See* Defs.' Mot. at 15 n.16. Plaintiff fails to cite any authority to support the assumption that these transition credits should be treated like interest credits that continue after termination. Indeed,

3

Plaintiff attempts to distract the Court from this clear standing defect by citing to cases in which plaintiffs argued that their lump sum payments were less than the benefit they were entitled to under the relevant plan documents. *See* Pl.'s Opp'n at 19 (citing *Esden* and *Berger v. Xerox Corp.*, 338 F.3d 755 (7th Cir. 2003)). Plaintiff fails to mention the obvious: the plaintiffs in these other cases received lump sum payments *prior to age 65*. Accordingly, standing in those cases was not an issue as it is here. *See Esden*, 229 F.3d at 160-61; *Berger*, 338 F.3d at 759.

Finally, Plaintiff's sweeping assertion that ERISA § 502(a)(3) authorizes a plaintiff to seek equitable relief "regardless of whether the violation has harmed him," Pl.'s Opp'n at 21, is simply wrong and at odds with Second Circuit law. *See, e.g., Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 118 (2d Cir. 2002) (plaintiff seeking equitable relief under ERISA § 502(a)(3) lacked Article III standing because plaintiff "failed to allege that it suffered an injury in fact") (quotation omitted). Plaintiff relies on cases that are limited to equitable relief for violations of ERISA's fiduciary duty requirements which are not at issue here. These cases have no bearing on the forfeiture allegations asserted in Counts 4 and 5.

## IV.    COUNTS 1 AND 7-9 FAIL TO SATISFY RULE 8 AND COUNT 7 OTHERWISE FAILS TO STATE A CLAIM

Count 1 fails to satisfy Rule 8. Plaintiff's Opposition does not even attempt to defend its deficient pleading of this count. Count 1 is vague and conclusory in that it alleges that "all versions of the cash balance plan" are backloaded, but only includes factual allegations concerning *one* plan, the 1997 Chase Plan. *See* Defs.' Mot. at 16-17. As such, Count 1 fails to provide the requisite "amplification" to "raise a right to relief above the speculative level" and the claim fails to satisfy Rule 8. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

---

recent proposed Treasury regulations expressly define interest credits to include only credits *not* based on current employment. Prop. Treas. Reg. § 1.411(b)(5)-1, 72 Fed. Reg. 73680-01, 73697 (Dec. 28, 2007).

Count 7 also violates Rule 8, because it contains no factual allegations regarding the ERISA § 204(h) notices at issue other than conclusory allegations concerning the 1990 notices distributed in connection with the 1991 Chemical Cash Plan. According to Plaintiff, the bald allegation that there was no adequate § 204(h) notice "during the class period" includes sufficient detail to satisfy Rule 8. Pl.'s Opp'n at 7. This allegation fails to provide at least "some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). Here, the class period encompasses multiple plan amendments and notices, each involving unique circumstances that affect notice requirements. Defendants are entitled to know when notice was allegedly required but not given. Where Plaintiff concedes notice was given, Defendants are entitled to know how it is that Plaintiff claims notice was inadequate. The same reasoning applies to Plaintiff's claims about SPDs and SMMs (Counts 8 and 9). Plaintiff fails to satisfy Rule 8 when he attempts to challenge all SPDs or SMMs based on the conclusory assertion that there were no adequate SPDs or SMMs "during the class period." Pl.'s Opp'n at 11; *see* Defs.' Mot. at 19 n.18.

To the extent Count 7 includes any factual allegations (and the only such allegations relate to the 1991 Chemical Cash Plan), it fails to state a claim for the following reasons:

***The Notices Were Timely.*** Plaintiff does not dispute that the 1990 notices were distributed more than 15 days before the effective date of the 1991 Chemical Cash Plan. *See* Defs.' Mot. at 18. Plaintiff has no authority for his contention that these notices should have been distributed prior to January 1, 1989 because opening cash balance balances were calculated retroactively as of that date. Indeed, the "comprehensive" *Cigna* decision that Plaintiff relies on, *see* Pl.'s Opp'n at 1 n.2, 10 n.8, confirms that when a plan amendment implements a benefit formula retroactively, notice is required before the "formal retroactive *implementation of* [the

5

*amendment*]" and not before the retroactively applied formula takes effect. *See Amara v. Cigna Corp.*, 534 F. Supp. 2d 288, 337 (D. Conn. 2008) (emphasis added).[6]

       ***The Notices Were Substantively Adequate.*** The notices adequately summarized the plan amendment and its effective date. This is all that ERISA § 204(h) required in 1990. *See* Defs.' Mot. at 18-19. Plaintiff seeks to manufacture an additional requirement — that the notice disclose "*the effect*" of the amendment. Pl.'s Opp'n at 9. However, the plain language of § 204(h) as it then existed and the case law interpreting it demonstrate that there was no such requirement. *See* Defs.' Mot. at 19.[7] Not surprisingly, Plaintiff fails to cite *any* case holding that a § 204(h) notice issued in 1990 was required to disclose "the effect" of a plan amendment.[8]

## V.    COUNTS 1-9 ARE TIME BARRED

       Plaintiff erroneously asserts that the statute of limitations could not have begun to run on his claims because he only recently submitted "a formal application for benefits." *See* Pl.'s Opp'n at 5 & n.6. Yet the very cases cited in Plaintiff's Opposition make clear that "a plaintiff's ERISA cause of action can accrue even where the plaintiff has not filed a formal application for benefits." *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 135 (2d Cir. 2001); *Romero v. Allstate Corp.*, 404 F.3d 212, 223 (3d Cir. 2005) (same). Indeed, *Romero* expressly found that "the date of amendment [may] serv[e] as the accrual date . . . as there may be

---

[6]     The Court should ignore Plaintiff's new assertion that these notices "pre-date" the plan's adoption, Pl.'s Opp'n at 9, a wholly unsupported allegation that does not appear in the Amended Complaint. *See, e.g., Bernstein v. City of New York*, No. 06 Civ. 895, 2007 WL 1573910, at *10 (S.D.N.Y. May 24, 2007) ("New claims not specifically asserted in the complaint may not be considered by courts when deciding a motion to dismiss.").

[7]     Even regulations under § 204(h) issued seven years after the implementation of the 1991 Chemical Cash Plan do not mention any such requirement, and expressly state that the notice "need not explain how the individual benefit of each participant . . . will be affected by the amendment." 63 Fed. Reg. 68678, 68682 (1998).

[8]     Plaintiff cannot escape Defendants' authorities. *See, e.g., Register*, 477 F.3d at 73 ("set[ting] forth the plan amendment and the effective date . . . was all that was required"). Indeed, even the *Cigna* passage quoted by Plaintiff expressly states that § 204(h) may "not require . . . information regarding reductions." Pl.'s Opp'n at 10 n.8. Similarly, Plaintiff selectively quotes from a passage in *Frommert v. Conkright* that is limited to notice to "rehired employees" and does not even mention § 204(h). 433 F.3d 254, 262 (2d Cir. 2006). Finally, Plaintiff's selective quote from the legislative history of § 204(h) obviously cannot override the clear language of the statute.

circumstances under which benefits are clearly repudiated as of that date." 404 F.3d at 224. In *Hirt v. Equitable Retirement Plan for Employees*, 450 F. Supp. 2d 331, 333 (S.D.N.Y. 2006), *appeal docketed*, No. 06-4757 (2d Cir. Oct. 13, 2006), the court found that the running of the statute of limitations on plaintiffs' claims about the conversion of Equitable's pension plan to a cash balance plan commenced on receipt of a 1992 SPD from which participants "knew . . . that Equitable's cash balance plan would supplant its traditional final-average-salary benefits plan, and that many of those who might still be entitled to grandfathering rights had been de-grandfathered." *Id.* at 333; *see also Villarini-Garcia v. Hosp. Del Maestro, Inc.*, 8 F.3d 81, 85 (1st Cir. 1993) (limitations period begins to run when "the plaintiff kn[ows] the facts that gave rise to the claim").

Here, Defendants' Motion established that by no later than the late 1990s, Plaintiff had received numerous communications, including those attached to the Amended Complaint,[9] concerning the plans at issue. As a result, he knew everything he needed to know in order to assert Counts 1-9 by the late 1990s — and thus the "repudiation" of these claims occurred by that time. *See* Defs.' Mot. at 20-22. Plaintiff's Opposition fails to rebut this showing. Nor does Plaintiff explain why the earliest date on which any "repudiation" of his claims could have occurred is in 2008, when he received his benefits.[10] Plaintiff's argument — that he should be permitted to wait as many as 17 years after knowing the facts underlying his

---

[9]    The Amended Complaint attached three notices relating to the 1991 Chemical Cash Plan, as well as SPDs relating to the 1993 Chemical Plan and the 1997 Chase Plan. *See* Compl. Ex. 1-3, 9-10.

[10]    For example, Plaintiff alleges in Count 7 that he was entitled to notice of the 1991 Chemical Cash Plan before 1989, but that he did not receive any notice until 1990. *See* Compl. ¶ 96. Plaintiff, thus, by 1990 unquestionably had notice of the repudiation of his alleged right to receive a notice in 1989. His receipt of requested benefits in 2008 in no way first announced the alleged repudiation of that right; indeed, it had nothing to do with it. The statute of limitations on Count 7 commenced in 1990 and ran in 1996, more than 10 years before the original complaint in this action was filed. *See Saltzman v. Kross*, No. 00 CV 1186, 2006 WL 516795, at *5 (N.D.N.Y. Feb. 28, 2006) (quotations omitted) (an ERISA cause of action accrues "when a claimant knows or should know through an exercise of reasonable diligence, of the acts constituting the alleged violation").

claims before filing a lawsuit — is contrary to the case law and grossly inconsistent with the

purposes of statutes of limitations.[11]  Counts 1-9 are time-barred.

## VI.    COUNTS 10 AND 11 MUST BE DISMISSED BECAUSE THEY SEEK TO IMPOSE GREATER OBLIGATIONS THAN ERISA REQUIRES

ERISA § 104(b) requires a plan to provide participants with the "latest" plan

documents or instruments under which a plan "is operated."  ERISA § 105(a) requires a plan to

provide participants with a "pension benefit statement."  29 U.S.C. § 1025(a); *see* Defs.' Mot. at

23-24.  Plaintiff's contention that a participant is entitled to all documents "pertinent to a

participant's claim" (Pl.'s Opp'n at 22) confuses the discovery permitted under the Federal Rules

of Civil Procedure with the limited and clearly articulated disclosure obligation under ERISA §

104(b) and § 105(a).[12]  Here, Defendants met and exceeded their statutory obligations under

ERISA § 104(b) and § 105(a) by providing Plaintiff with the current plan documents, a current

pension benefit statement, and among other documents, a worksheet setting forth Plaintiff's total

current accrued benefit.[13]  Count 10 fails to state a claim for relief.

Plaintiff concedes that there can be no breach of fiduciary duty in connection with

ERISA's disclosure requirements unless "*ERISA requires* the administrator to furnish" the

requested documents.  Pl.'s Opp'n at 22 (quoting *Proujansky v. Blau*, No. 92-8700, 2001 WL

963958, at *6 (S.D.N.Y. Aug. 22, 2001)) (emphasis added).  Because the documents at issue in

---

[11]    *See, e.g.*, *In re WorldCom Sec. Litig.*, 496 F.3d 245, 253 (2d Cir. 2007) ("Statutes of limitations are designed to prevent the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") (quotation omitted).

[12]    The cases cited by Plaintiff do not support this expansive reading.  In *McFaul v. Loews Corp.*, the court held that the plaintiff was entitled to only "actual plan documents (including amendments) under which the plan is operated."  No. 93 Civ. 2401, 1993 WL 541778, at **2-3 (S.D.N.Y. Dec. 30, 1993).  In *Austin v. Ford*, the former employee was denied the latest plan documents, but had these been provided there would have been no violation of ERISA § 104(b)(4).  No. 95 Civ. 3730, 1998 WL 88744, at *1, *5 (S.D.N.Y. Mar. 2, 1998).

[13]    Plaintiff's argument that the "worksheet" did not comply with ERISA § 105(a) is misplaced: ERISA § 105(a) only requires a pension benefit statement, not a worksheet.  That Defendants exceeded their statutory obligations by *also* providing a worksheet does not mean that the requirements of § 105(a) apply to worksheets.

Count 10 were *not* required to be disclosed, Count 11 fails to state a claim for breach of fiduciary duty.

## VII.    PLAINTIFF IS NO LONGER A "PARTICIPANT" AND LACKS STANDING TO BRING THIS ACTION

Plaintiff filed suit under ERISA § 502 as an alleged "participant" in the JPMC Plan. *See* Compl. ¶ 8 (citing ERISA §§ 502(a)(1)(B), (a)(3), (c)). ERISA defines a participant as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).[14]

Plaintiff terminated his employment and, on or about March 12, 2008, elected to receive a lump sum distribution of his benefit of over $580,000 on April 1, 2008. Pl.'s Opp'n at 5 n.6, 20; Decl. of Amy Williams-Derry at ¶ 2, Ex. 1. Plaintiff is no longer a "participant" in any plan at issue, and has no standing to assert claims for damages against any such plan. *See, e.g.,* *In re JPMorgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 271 (S.D.N.Y. 2007);[15] *accord* *Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 474 (10th Cir. 1990); *Kuntz v. Reese*, 785 F.2d 1410, 1411-12 (9th Cir. 1986); *see also Crawford v. Lamantia*, 34 F.3d 28, 32 (1st Cir. 1994) (plaintiff "lost [his] standing on account of having terminated his employment . . . and having collected all

---

[14]    *See also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) ("[T]he term 'participant' is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment . . . or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits.") (quotations and citations omitted).

[15]    *In re JPMorgan Chase Cash Balance Litigation*, a case brought by the same attorneys who bring this case, involves a certified class of which Plaintiff was, at the time he filed this case, a member. That case held that lump sum recipients (such as Plaintiff) who allege that a plan's design and notices violate ERISA are not seeking benefits and thus lack standing. The doctrine of collateral estoppel bars Plaintiff from relitigating this issue. *See, e.g., Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation. Basic principles of . . . collateral estoppel (issue preclusion) apply."); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 333 F.3d 763 (7th Cir. 2003) (collateral estoppel barred unnamed class members from relitigating issue decided against named plaintiffs in initial action).

vested benefits then due him from the [plan]").  Plaintiff does not allege any failure to pay his lump sum benefit,[16] but seeks damages for alleged ERISA violations relating to plan design or communications.  Accordingly, Counts 1-11 must be dismissed for lack of standing.[17]

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that the Amended Complaint be dismissed with prejudice.

Dated: New York, New York
      April 14, 2008

SIMPSON THACHER & BARTLETT LLP

By      *Thomas C. Rice*

Thomas C. Rice, Esq. (trice@stblaw.com)
Jonathan K. Youngwood, Esq.
(jyoungwood@stblaw.com)
425 Lexington Avenue
New York, New York 10017-3954
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

JPMORGAN CHASE LEGAL DEPARTMENT
Meryl R. Kaynard, Esq.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
Telephone:  (212) 552-6825

*Attorneys for Defendants*

---

[16]    Defendants are prepared, if requested, to submit records establishing Plaintiff's receipt of his benefits.

[17]    Plaintiff appears to argue that he retains participant status because the recent Supreme Court decision in *LaRue* stated that a lump sum recipient is a "participant" if he has "a colorable claim for benefits." Pl.'s Opp'n at 5 n.6 (quoting *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 128 S. Ct. 1020, 1026 n.6 (2008)). *LaRue* is inapposite. First, Plaintiff is not alleging claims for "benefits" under the plans as written. Rather, his claims that plan design or plan communications violate ERISA are claims for *damages*, not benefits. *See In re JPMorgan Chase Cash Balance Litig.*, 242 F.R.D. at 271; *see also Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 953 (6th Cir. 1990) (lump sum recipients lacked standing because they were not seeking benefits "under the terms of the Plan" as written). Second, *LaRue* concerned a defined contribution plan, not a defined benefit plan, which is directly relevant to whether a plaintiff's claim is for "benefits." *See Coan v. Kaufman*, 457 F.3d 250, 255-56 (2d Cir. 2006). Indeed, any claim for benefits would be barred because Plaintiff accepted his lump sum without disputing the amount and thereby failed to exhaust the administrative remedies provided in the JPMC Plan. *See, e.g., Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (ERISA requires exhaustion of "administrative appeals provided for in the relevant plan or policy").