**EXHIBIT 1**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB - 8 2008

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WADE E. JENSEN, and DONALD D. GOFF, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOLVAY AMERICA, INC., SOLVAY CHEMICALS INC., and SOLVAY AMERICA COMPANIES PENSION PLAN,<br><br>Defendants. | Case No. 06 - CV - 273 J |

## ORDER ON CLASS CERTIFICATION AND COLLECTIVE ACTION

Having considered plaintiffs' Motion for Class Certification and Conditional Approval of ADEA Collective Action, defendants' response thereto, and the record in this matter, it is **ORDERED**:

1. **Approval of ERISA Class.** Plaintiffs' motion for class certification under Rule 23 is **GRANTED**. The Court concludes that class certification pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate because the grounds on which defendants have acted or refused to act

are generally applicable to the class.

2. **Class Definition.** The certified ERISA class is defined as any and all persons who:

(a) Are current or former employees of subsidiaries of Solvay America, Inc.,

(b) Are age 40 or more as of the date of entry of this Order, and

(c) Participated in the Solvay America Companies Pension Plan before January 1, 2005, and have been subject to the "Retirement Account Balance Formula" on or after January 1, 2005.

3. **Class Claims.** The Court relies upon and incorporates the class claims and issues defined in plaintiffs' Class Action Complaint, filed on November 13, 2006. The ERISA claims which are certified for class action treatment are:

Claim Two: Whether the design of Solvay's cash balance formula violates the anti-backloading rules in ERISA §204(b)(1)(B), 29 U.S.C. §1054(b)(1)(B).

Claim Three: Whether Solvay's cash balance formula violates the nonforfeiture rules in ERISA §203(a), 29 U.S.C. §1053(a).

Claim Four: Whether the age-based reductions and cessations in benefit accruals under Solvay's cash balance formula violate the age discrimination

provision in ERISA §204(b)(1)(H), 29 U.S.C. §1054(b)(1)(H).

Claim Five: Whether Solvay provided a notice of significant reductions in the future rate of benefit accrual with sufficient information for the average plan participant to understand the effect of the changes as required by ERISA §204(h), 29 U.S.C. §1054(h).

Claim Six: Whether Solvay adequately disclosed the material modifications to the Solvay Pension Plan that could result in reduction, losses or forfeitures of benefits that a participant might otherwise reasonably expect as required by ERISA §102, 29 U.S.C. §1022.

4. **Defenses to Class Claims.** The Court relies upon and incorporates the defenses defined in defendants' Answer and Defenses to plaintiffs' Complaint, filed on January 10, 2007.

5. **Appointment of Class Counsel.** The Court finds that plaintiffs' counsel will fairly and adequately represent the interests of the class, and therefore the Court appoints the following to serve as class counsel:

Stephen R. Bruce　　　　　　　　　Richard Honaker
805 15th St., NW, Suite　　　　　　210 P.O. Box 366
Washington, DC 20005　　　　　　Rock Springs, WY 82902

In accordance with Rule 23(g)(1)(C), this appointment is based on consideration of the

3

following factors:

    a. The work counsel has done in identifying or investigating potential claims in this action;

    b. Counsel's experience in handling class actions and claims of the type asserted in the action;

    c. Counsel's knowledge of the applicable law;

    d. The resources counsel have committed, and will commit, to representing the class.

6. **Approval of ADEA Collective Action.** The plaintiffs' motion for conditional approval to proceed with Claims One and Four as a collective action under the Age Discrimination in Employment Act is **GRANTED**. The ADEA Claims are:

Claim One: Whether the design of Solvay's cash balance formula effects a "freeze" during which older workers do not earn any additional pension benefits for a period of years, while younger workers receive benefits under the cash balance formula without contingency, in violation of ADEA Section 4(a), 29 U.S.C. §623(a).

Claim Four: Whether the age-based reductions and cessations in benefit accruals under Solvay's cash balance formula violate the age discrimination

4

provision in ADEA Section 4(i), 29 U.S.C. §623(i).[1]

7.  **ADEA Collective Action Definition.** The approved ADEA class is defined as any and all persons who:

   (a)   Are current or former employees of subsidiaries of Solvay America, Inc.,

   (b)   Are age 40 or more as of the date of entry of this Order, and

   (c)   Participated in the Solvay America Companies Pension Plan before January 1, 2005, and have been subject to the "Retirement Account Balance Formula" on or after January 1, 2005.

8.  **Notice and Consent to Join.** The plaintiffs proposed notice and consent to join (i.e., opt-in) form are **APPROVED**.

9.  **Mailing List.** Defendants shall submit a complete mailing list in electronic form of the names and addresses of current and former employees who satisfy the above criteria to plaintiffs' counsel within fifteen (15) days of this Order.

10. **Distribution of Notice.** Plaintiffs' counsel shall distribute the approved notice and consent form by mail to the persons on the list within ten (10) days of receipt of the mailing list from defendants. If any mail is returned as undeliverable, defendants shall supply

---

[1] Claim Four is certified under both ERISA and the ADEA because the same rule appears in both statutes.

5

any information reasonably necessary for plaintiffs' counsel's use in searching for updated addresses. Plaintiffs are also permitted to give notice through the newspaper and the Internet. Plaintiffs' counsel shall pay the cost of mailing and related services. The consent forms shall be mailed to a Post Office Box maintained by counsel for the plaintiffs who will be responsible for collecting the consent forms for filing with the Clerk of Court, along with preparing an electronic list of the persons who consent to join the action. Defendants may review the original consent forms to verify the list.

11. **Time Limit for Consents.** The time limit for consents shall be 90 days after the mailing is complete. The consent to join form must be signed and placed in the mail no later than that date. If no response is received in the first 45 days, plaintiffs' counsel shall send reminder notices to ensure that participants have received the notice and respond on a timely basis. If notices are required to be re-mailed because addresses are out of date, the 90-day time period for responding will start with the date of the re-mailed notice unless such time period would result in consents being filed more than 120 days from the initial mailing.

12. **Communications with Members of Litigation Control Group.** Defendants shall not be prohibited from communicating with members of the litigation control group who are also members of the class or collective action, provided that such persons are informed that they are members of the class and collective action and sign a form indicating

that they are aware that their communications with defendants as members of the litigation control group have the potential to conflict with their interest as members of the class and collective action.

It is so ORDERED.

Dated this ___8th___ day of February, 2008.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

7