**EXHIBIT 1**



**ASSISTANT SECRETARY**

**DEPARTMENT OF THE TREASURY**
WASHINGTON

May 28, 2008

The Honorable Tom Harkin
United States Senate
Washington, DC 20510

Dear Senator Harkin:

Thank you for your letter of April 21, 2008, to Secretary Paulson regarding the treatment of older workers in the context of pension plans that are converted from traditional defined benefit plans to cash balance plans. After consulting with the Office of Tax Policy, I want to provide you with the following response to your letter.

We agree with you that employers should be encouraged to provide transition benefits to older workers when converting traditional defined benefit plans to cash balance or other hybrid plans. That was one of the purposes of Revenue Ruling 2008-7, which, for the first time, explained how a "greater-of" formula that applies to older workers could satisfy the longstanding anti-backloading regulations issued under the Internal Revenue Code. Moreover, the revenue ruling provided transition relief, through the end of the 2008 plan year, to all cash balance plans that use a greater-of formula. Finally, as indicated in the press release accompanying the revenue ruling, the Treasury Department and the Internal Revenue Service (IRS) are working on proposed amendments to the anti-backloading regulations that would facilitate a wider range of greater-of formulas than are permitted under the current rules. It is expected that the amended regulations will be issued soon and will be proposed to be effective for plan years beginning on or after January 1, 2009.

It is important to note that there was no intent by the Treasury Department nor the IRS to take sides in any ongoing private litigation. The transition relief provided in Revenue Ruling 2008-7 applies solely for purposes of the Internal Revenue Code tax qualification rules, and not for purposes of litigation under Title I of the Employee Retirement Income Security Act of 1974 (ERISA). In addition, nothing in Revenue Ruling 2008-7 relates to the rules prohibiting age discrimination in the qualified plan provisions of the Internal Revenue Code or in any other statute. We anticipate that the proposed regulations will make it clear that they will not apply for purposes of the nondiscrimination rules applicable to qualified plans.

We very much appreciate your leadership in protecting workers' benefits, and thank you for sharing your views on this important issue.

Sincerely,

Kevin I. Fromer
Assistant Secretary for Legislative Affairs