**ATTACHMENT**

LAW OFFICES OF
# KELLER ROHRBACK L.L.P.

LAURIE B. ASHTON ① ④ ❾ ❺ ⓿
IAN S. BIRK
STEPHEN R. BOATWRIGHT ③ ❾ ❻
KAREN E. BOXX ❻
JOHN H. BRIGHT
GRETCHEN FREEMAN CAPPIO
JASON P. CHUKAS
T. DAVID COPLEY ②
ALICIA M. CORBETT ① ❾ ❻
CLAIRE CORDON ❻
SHANE P. CRAMER ②
ROB J. CRICHTON ❿
CHLOETHIEL W. DEWEESE
MAUREEN M. FALECKI ③
JULI FARRIS ③ ❾
RAYMOND J. FARROW
DANIEL S. FRIEDBERG ❻
GLEN P. GARRISON ⑤

LAURA R. GERBER
MICHELLE GONZALEZ
GARY A. GOTTO ③ ❾ ❻
MARK A. GRIFFIN
GARY D. GREENWALD ① ❾ ❻
AMY N.L. HANSON ❻
IRENE M. HECHT
SCOTT C. HENDERSON
SARAH H. KIMBERLY
RON KILGARD ③ ❾ ❻
MERCEDES J. LABAT
BENJAMIN J. LANTZ
HEIDI LANTZ
CARI CAMPEN LAUFENBERG
ELIZABETH A. LELAND
TANA LIN ⑥ ⑧ ❸
DEREK W. LOESER
JOHN MELLEN ⑥

GRETCHEN S. OBRIST
ROBERT S. OVER ⑦ ❸
AMY PHILLIPS
LORRAINE LEWIS PHILLIPS
DAVID S. PREMINGER ⑨ ❻
ERIN M. RILEY ❻
ISAAC RUIZ
DAVID J. RUSSELL
MARK D. SAMSON ① ❾ ❻
LYNN LINCOLN SARKO ❾ ❻
FREDERICK W. SCHOEPFLIN
WILLIAM C. SMART
THOMAS A. STERKEN
RYAN J. STRAUS
KARIN B. SWOPE
BRITT L. TINGLUM ❻
LAURENCE R. WEATHERLY
MARGARET E. WETHERALD ❻

JULIE L. WILCHINS
AMY WILLIAMS-DERRY
MICHAEL WOERNER
BENSON D. WONG
DIANA M. ZOTTMAN

① ADMITTED IN ARIZONA
② ALSO ADMITTED IN ARIZONA
③ ALSO ADMITTED IN CALIFORNIA
④ ALSO ADMITTED IN COLORADO
⑤ ALSO ADMITTED IN IDAHO
⑥ ALSO ADMITTED IN ILLINOIS
⑦ ALSO ADMITTED IN MARYLAND
⑧ ALSO ADMITTED IN MICHIGAN
⑨ ADMITTED IN NEW YORK
❿ ALSO ADMITTED IN NEW YORK
❶ ALSO ADMITTED IN OREGON
❷ ALSO ADMITTED IN OHIO
❸ ALSO ADMITTED IN WASHINGTON, D.C
❹ ALSO ADMITTED IN WISCONSIN
❺ NOT ADMITTED IN WASHINGTON
❻ OF COUNSEL

July 22, 2008

**VIA FED EX PRIORITY OVERNIGHT DELIVERY**

Hon. Richard J. Sullivan
U.S. District Court, Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *Bilello v. JPMorgan Chase Retirement Plan, et al.*
    No. 07-cv-7379 RJS

Dear Judge Sullivan:

  We write regarding defense counsel's July 15 letter, which contends that the two recent opinions in *Hirt v. The Equitable Retirement Plan for Employees*, Docket No. 06-4757 (S.D.N.Y.), dispose of the claims in the above-referenced litigation. Contrary to Defendants' representations, neither opinion is dispositive of any of Mr. Bilello's claims.[1]

**1. The *Hirt I* Ruling On Age Discrimination Is Irrelevant To Mr. Bilello's Claim of Inadequate Summary Plan Descriptions.**

---

[1] These opinions are referred to *infra* as: 1) "*Hirt I*" (addressing the "age discrimination claim" under 29 U.S.C. § 1054(b)(1)(H)(i)) (Defendants' "Tab 1"), *Hirt v. Equitable Ret. Plan*, --- F.3d ---, No.06-4757, 2008 WL 2669346 (2d Cir. July 9, 2008); and 2) "*Hirt II*" (Summary Order addressing whether SPD at issue triggered statute of limitations for claim under ERISA § 204(h), 29 U.S.C. § 1054(h)) (Defendants' "Tab 2"), *Hirt v. Equitable Ret. Plan*, No.06-4757, 2008 WL 2675828 (2d Cir. July 9, 2008).

Richard J. Sullivan                                                         **KELLER ROHRBACK L.L.P.**
July 22, 2008
Page 2

      Contrary to Defendants' assertion in their recent letter, Plaintiffs' Count Eight is *not* a claim of age discrimination. Rather, it is a claim that Defendants' employee communications issued in the form of Summary Plan Descriptions ("SPDs") failed to timely or comprehensively comply with ERISA §§ 102 and 104, 29 U.S.C. §§ 1022 and 1024, and their implementing regulations. To the extent that these provisions require, in part, that participants understand how the new pension plan formula impacts their benefits compared to the prior pension plan formula, or that participants should have been told as a factual matter that their rate of future benefit accrual would decline with advancing age, these allegations may touch on age as a factor impacting pension benefits. However, Count Eight concerns Defendants' failure to provide plan participants with sufficient or timely communications in accordance with the statute and regulations governing SPDs. It is not a claim of age discrimination under 29 U.S.C. § 1054(b)(1)(H)(i), which was the provision of ERISA at issue in *Hirt I*.

      Count Eight of Mr. Bilello's Complaint alleges that none of the SPDs issued by Defendants meets ERISA's strict requirements of providing information about the operation of the pension plan in a timely or comprehensive manner. For example, among other violations, Defendants' 1994 and 1999 SPDs fail to meet ERISA's requirement that SPDs be "written in a manner calculated to be understood by the average plan participant" and "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." First Amended Class Action Complaint ("Compl.") ¶¶ 108-15 (quoting 29 C.F.R. § 2520.102-2).

      Count Eight pleads that the text and examples provided in Defendants' SPDs do not inform plan participants of their rights and obligations under the plan, and they also fail to compare benefits under the amended pension plan with benefits under the prior pension plan. *Id.* The Complaint specifically challenges a 1994 SPD, which purports to describe the 1993 Chemical Plan, and a 1999 SPD, which purports to describe the 1997 Chase Plan. Compl. ¶¶ 112-13. The Complaint also alleges that the issuance of these SPDs are untimely, Compl. ¶ 115. The SPDs are also challenged in the Complaint because they:

- Mislead and misinform because they do not disclose that the pension plan's cash balance formula reduces participants' rates of future benefit accrual as they age and as compared to their prior pension plan; and

- Mislead and misinform because they do not communicate to participants the impact of the cash balance formula on their rate of future benefit accrual, and do not provide examples which bound the range of the impact.

Compl. ¶ 113 (Dkt. No. 21). *See also* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss at 6-7 (Dkt. No. 27) (Defendants' SPDs provided "a complex,

Richard J. Sullivan  **KELLER ROHRBACK L.L.P.**
July 22, 2008
Page 3

incomprehensible, and misleading description that neither warned about nor explained the amended benefit formula," citing Compl. ¶¶ 112-13).

2.  ***Hirt II*** **Has No Precedential Effect, In Addition To Being Irrelevant To the Heavily Fact-Specific Statute of Limitations Inquiry.**

First, the summary order of *Hirt II* on which Defendants rely expressly states that "RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT." Summary Order at 1, l. 6 (Defs. "Tab 2"). The summary order is clearly intended only to apply to the parties to the case in which it was issued.

Second, *Hirt II* has no bearing on this case because of its wholly different facts and procedural stance. Briefly, that order affirmed a district court order on cross-motions for summary judgment. Those motions were filed subsequent to "extensive" "pre-trial proceedings" including class certification, "discovery of witnesses and experts," and "an evidentiary hearing of Defendants' procedures in delivering notices to participants." *Hirt v. Equitable Ret. Plan for Employees, Managers, and Agents*, 441 F.Supp.2d 516, 518-19 (S.D.N.Y. 2006) (describing in detail the extensive pre-trial proceedings, including discovery and multiple rounds of summary judgment motions). The present case, in contrast, is at a very preliminary stage. Beyond the filing of the complaint, the only activity has been briefing on a motion to dismiss and filing of supplemental authority. Discovery has not begun, much less an evidentiary hearing or entry into the dispositive motion phase of the litigation such as those antecedent to the *Hirt* rulings. Statute of limitations determinations require fact-intensive inquiries, and are thus not appropriate defenses on which to rule in motions to dismiss. *See In re J.P. Morgan Chase Cash Balance Litig.*, 460 F.Supp.2d 479, 483-4 (S.D.N.Y. 2006); *Romero v. Allstate Corp.*, 404 F.3d 212, 225-6 (3d Cir. 2005) (holding that fact-finding necessary to determine the time of clear repudiation made dismissal inappropriate on the face of the complaint); *and see generally* Plaintiff's Opposition to Defendants' Motion to Dismiss at 4-7 (Dkt. No. 27).

Third, the district court's extensive fact-finding in *Hirt* led to a narrow ruling with no applicability to Mr. Bilello's claims: it addressed only the triggering of the statute of limitations for the *Hirt* plaintiffs' § 204(h) claim in light of a specific SPD issued by the *Hirt* defendants. The *Hirt* district court as well as the Second Circuit recognized that the statute of limitations is triggered only "when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiaries." *Hirt II* at *1, quoting *Miles v. New York State Teamsters Conference Pension and Ret. Fund Employee Pension Ben. Plan*, 698 F.2d 593, 598 (2d Cir. 1983). The district court ruled that the distribution of a particular 1992 SPD in that case had triggered the running of the statute of limitations because it "constituted a clear repudiation of any pre-amendment benefits that plaintiffs could possibly claim." *Hirt II* at *2.

Richard J. Sullivan
July 22, 2008
Page 4

**KELLER ROHRBACK L.L.P.**

    The Second Circuit affirmed, finding that the 1992 SPD "plainly and accurately described the pension plan as it then applied to employees, managers, and agents with various terms of service" and that it "distinguished between pre-1989 and post-1989 benefits for employees and managers and between pre-1993 and post-1993 benefits for agents." *Id.* Because the appeals court found that the 1992 SPD clearly repudiated participants' pre-amendment benefits, and the suit was filed in 2001, the court affirmed that the notice claims were barred by the six-year statute of limitations. *Id.* The Summary Order neither rules nor even suggests that the distribution of an SPD always provides a clear repudiation of benefits so as to trigger the applicable statute of limitations. On the contrary, the *Hirt* courts clearly undertook significant consideration of the SPD and other facts at issue before determining that the SPD triggered the statute of limitations. Thus, *Hirt* in no way supports a summary dismissal of Mr. Bilello's § 204(h) claim.

    For these reasons, as well as those set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

Very truly yours,

*/s/ Amy Williams-Derry*

Amy Williams-Derry
Counsel for Plaintiff and the Proposed Class

AWD:nas
cc:    All Counsel of Record (via e-mail and U.S. Mail)