UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FRANK BILELLO, individually and on      :
behalf of all others similarly          :
situated,                               :        07 Civ. 7379 (DLC)
                    Plaintiff,          :
                                        :
          -v-                           :        OPINION AND ORDER
                                        :
JPMORGAN CHASE RETIREMENT PLAN,         :
JPMORGAN CHASE DIRECTOR OF HUMAN        :
RESOURCES, as administrator of the      :
JPMorgan Chase Retirement Plan,         :
                    Defendants.         :
----------------------------------------X

Appearances:

For Plaintiff:

Lynn L. Sarko
Derek W. Loeser
Amy Williams-Derry
Karin B. Swope
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Peter S. Linden
Andrew T. Watt
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022

Joseph H. Meltzer
Edward W. Ciolko
Joseph A. Weeden
Barroway Topaz Kessler Meltzer Check LLP
280 King of Prussia Road
Radnor, PA 19087

Edgar Pauk, Esq.
27 Eighth Avenue
Brooklyn, NY 11217

For Defendants:

Thomas C. Rice
Jonathan K. Youngwood
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

DENISE COTE, District Judge:

Plaintiff Frank Bilello filed this putative class action against his former employer's retirement plan, JPMorgan Chase Retirement Plan, and its administrator, JPMorgan Chase Director of Human Resources, alleging numerous violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  On November 16, 2007, defendants moved to dismiss Bilello's complaint on several grounds, including statutory standing under ERISA.  Specifically, defendants argued that Bilello's recent retirement and receipt of a lump-sum payout of his retirement benefits deprived him of standing to pursue his claims because he was no longer an ERISA plan "participant" within the meaning of ERISA Section 502(a), 29 U.S.C. § 1132(a).[1] An Opinion of January 6, 2009 found that Bilello was a

---

[1] ERISA Section 502(a), 29 U.S.C. § 1132(a), allows a "participant" to bring certain types of civil actions to enforce an employer's obligations under ERISA.  ERISA defines a participant to include a "former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ."  § 3(7), 29 U.S.C. § 1002(7).  As the Supreme Court explained almost twenty years ago, a former employee with "a colorable claim to vested benefits 'may become eligible'" for benefits and may bring an action under ERISA.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 118 (1989).

2

"participant" and declined to dismiss the complaint on this

ground.  Bilello v. JPMorgan Chase Retirement Plan, 592 F. Supp.

2d 654, 669 (S.D.N.Y. 2009) (the "January 6 Opinion").[2]

On January 21, 2009, defendants moved pursuant to 28 U.S.C.

§ 1292(b) to certify an immediate appeal from the January 6

Opinion.  Billelo's opposition contests that any of the three

requirements for certification are met.  The motion for

certification is denied because no "substantial ground for

difference of opinion" exists.  28 U.S.C. § 1292(b).

Section 1292(b) provides in part:

> When a district judge, in making in a civil
> action an order not otherwise appealable
> under this section, shall be of the opinion
> that such order involves a controlling
> question of law as to which there is
> substantial ground for difference of opinion
> and that an immediate appeal from the order
> may materially advance the ultimate
> termination of the litigation, he shall so
> state in writing in such order.  The Court
> of Appeals which would have jurisdiction of
> an appeal of such action may thereupon, in
> its discretion, permit an appeal to be taken
> from such order, if application is made to
> it within ten days after the entry of the
> order.

28 U.S.C. § 1292(b) (emphasis supplied); Casey v. Long Island

R.R. Co., 406 F.3d 142, 146 (2d Cir. 2005).  Section 1292 is to

be "reserved for those cases where an intermediate appeal may

avoid protracted litigation."  Koehler v. Bank of Bermuda Ltd.,

---

[2] Familiarity with the January 6 Opinion is assumed.

101 F.3d 863, 865-66 (2d Cir. 1996).  This statute is to be
narrowly construed, as "the power to grant an interlocutory
appeal must be strictly limited to the precise conditions stated
in the law." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21,
25 (2d Cir. 1990) (citation omitted).  It therefore "continues
to be true that only 'exceptional circumstances' warrant
certification." Id. (quoting Coopers & Lybrand v. Livesay, 437
U.S. 463, 475 (1978)).  The three elements -- whether an appeal
from a finding of statutory standing for a recipient of a lump-
sum retirement benefit under a defined benefit plan would
materially advance the ultimate termination of the litigation,
whether it is a controlling question of law, and whether
substantial ground for difference of opinion exists -- will each
be considered.

1. Material Advancement of the Ultimate Termination of the
   Litigation

     The issue of the statutory standing of the recipient of a
lump-sum benefit under ERISA Section 502, 29 U.S.C. § 1132, is a
question of substantial import to this case.  Reversal on the
issue, defendants correctly argue, would materially advance the
ultimate termination of the litigation.  Defendants point out
that, had Bilello been found to lack statutory standing, all
nine of his class-wide claims would have been dismissed.  These

4

claims include all of Bilello's claims relating to the
conversion of his defined-benefit retirement plan to a cash
balance plan and the subsequent plan amendments.  His only
remaining claims would be his two individual claims for
statutory penalties for defendants' alleged failures to timely
provide him with plan documents and provide a statement of his
benefits in 2007.  As defendants note, these two claims carry a
maximum penalty of $100 per day, a recovery dwarfed by a
potential recovery on the class-wide claims, which could force a
recalculation of benefits for thousands of employees and a
revocation of retirement plan formulas in place for nearly two
decades should a class be certified and Bilello ultimately
prevail.

    Bilello argues that a reversal on the question of his
statutory standing would nonetheless not "materially advance the
ultimate termination of the litigation" because, among other
reasons, some of the counts in the complaint would survive, as
they do not arise under ERISA Section 502(a).  Plaintiff's
argument reads the phrase "materially advance" out of the
statute, arguing that only an issue that entirely disposes of a
lawsuit merits interlocutory review.

    Finding that Bilello lacked standing would "avoid
protracted litigation."  <u>Koehler</u>, 101 F.3d at 866.  It would
terminate nearly all of Bilello's claims, any possibility of

class certification, and diminish any possible recovery to a
small fraction of what it is should his nine class-wide claims
survive a motion to dismiss.  It would therefore materially
advance the ultimate termination of the litigation.


2. Controlling Question of Law

        Arguing that statutory standing is also a controlling
question of law, defendants note that it is a pure legal issue
requiring statutory interpretation that will materially affect
the outcome of the case, for reasons explained above.  Bilello
responds that the question of the statutory standing of a former
employee who has received a lump-sum payout of his retirement
benefit is not controlling because an alternative basis for
finding that he has standing exists.  Noting that he retired
during the pendency of the lawsuit, but was a current employee
of JPMorgan Chase at the time the lawsuit was filed, Bilello
asserts that standing is determined at the time a lawsuit is
filed, citing In re State Street Bank & Trust Co. ERISA
Litigation, 579 F. Supp. 2d 512, 516 (S.D.N.Y. 2008).  This
argument is based on a line of cases concerned with
constitutional standing under Article III, not statutory
standing under ERISA.  See, e.g., Coan v. Kaufman, 457 F.3d 250,
256 (2d Cir. 2006) (distinguishing statutory standing under
ERISA from constitutional standing).   Bilello's statutory

standing under ERISA Section 502(a) is a legal question that determines his ability to maintain the major claims in this lawsuit, as explained above.  It is therefore a controlling question of law whose resolution would materially advance the termination of the litigation.[3]


3. Substantial Ground for Difference of Opinion

The remaining question is the existence of a substantial ground for a difference of opinion regarding the standing of a lump-sum recipient from a defined-benefit plan.  Defendants' argument that Bilello lacks standing turns on the distinction between defined benefit and defined contribution plans, which they assert allows them to distinguish Bilello's case from LaRue v. DeWolff, Boberg, & Associates, 128 S.Ct. 1020 (2008), where the Court found that a former employee who had received a distribution from a defined contribution plan was a "participant," with standing to sue for benefits.  Id. at 1026 n.6.  Defendants now principally argue that the January 6 Opinion did not appreciate the significance of the distinction between defined benefit and defined contribution plans. Defendants point to what they describe as contrary case law

---

[3] Bilello surprisingly suggests that he may contest that he has received a lump-sum payout.  His declaration concedes that he has retired and does not state that he has not received his payout, and he attached his benefit election form to the opposition to defendants' motion to dismiss.

rejecting the standing of recipients of lump-sum retirement benefits from defined benefit plans, and to an opinion issued by the Honorable Harold Baer in a related case, In re J.P. Morgan Chase Cash Balance Litigation, 242 F.R.D. 265, 271 (S.D.N.Y. 2007), which reached a different outcome on the issue of statutory standing.

To determine whether "the issue for appeal is truly one on which there is a substantial ground for dispute," a district court must "analyze the strength of the arguments in opposition to the challenged ruling." In re Flor v. BOT Financial Corp., 79 F.3d 281, 284 (2d Cir. 1996). Defendants' attempts to challenge the January 6 Opinion and locate a substantial ground for difference of opinion are unavailing. Defendants severely mischaracterize the January 6 Opinion when they suggest that it ignored or minimized the distinction between defined benefit and defined contribution plans. See, e.g., January 6 Opinion, 592 F. Supp. 2d at 665 ("[i]n contrast [to an employee with a defined contribution plan], a former employee who has taken a lump-sum payment from a defined benefit plan . . . may not have a colorable claim for benefits"). The bulk of the analysis in the January 6 Opinion would have been unnecessary were the distinction between the two categories of plans insignificant; otherwise, LaRue would have been controlling authority dispositive of the question of Bilello's standing. But, having

recognized that the distinction between the types of plans
required careful analysis, a claim in the defined benefit
context, as distinct from a claim against a defined contribution
plan, was addressed in detail.  Defendants do not grapple with
the authority cited in the January 6 Opinion supporting its
finding that claims for additional benefits may survive the
distribution of lump-sum retirement benefits from a defined
benefit plan.  See January 6 Opinion, 592 F. Supp. 2d at 665-66;
citing, inter alia, Wilkins v. Mason Tenders Dist. Council
Pension Fund, 445 F.3d 572, 582 (2d Cir. 2006); Esden v. Bank of
Boston, 229 F.3d 154, 162 (2d Cir. 2000).  Nor do they identify
any possible error in the Opinion's conclusion that, should
Bilello prevail on his claims alleging failures to provide
adequate notice of plan amendments pursuant to ERISA Sections
102(a), 104(b)(1), 204(h), 29 U.S.C. §§ 1022(a), 1024(b)(1),
1054(h), various amendments of Bilello's retirement plans may be
deemed invalid and he may be entitled to a recalculation of
benefits as determined in the formula in place prior to his
retirement plan's conversion to a cash-balance formula.  January
6 Opinion, 592 F. Supp. 2d at 266, citing Frommert v. Conkright,
433 F.3d 254, 258 (2d Cir. 2006).

    Neither do defendants' citations to authority they
represent as contradictory provide a substantial ground for
difference opinion.  Two of these decisions, Teagardener v.

Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 953 (6th Cir.
1990), and Kuntz v. Reese, 785 F.2d 1410, 1411-1412 (9th Cir.
1986), were discussed and distinguished by the January 6 Opinion
because their facts are not analogous to Bilello's case.
January 6 Opinion, 592 F. Supp. 2d at 666-67.   Defendants do
not make any arguments that these cases were inappropriately
distinguished.   A third decision on which defendants once
relied, Graden v. Conexant Systems, Inc., 496 F.3d 291, 298 n.10
(3d Cir. 2007), was also analyzed by the January 6 Opinion,
which noted that it did not in fact preclude the possibility
that a retiree who had received a lump-sum benefit from a
defined benefit plan could still have a claim for benefits and
qualify as a participant.   January 6 Opinion, 592 F. Supp. 2d at
667.   Defendants ignore the January 6 Opinion's analysis of
Graden.

       The remaining two cases defendants cite are also readily
distinguishable on their facts.   Mitchell v. Mobil Oil Corp.,
896 F.2d 463 (10th Cir. 1990), involved an early retiree's claim
to benefits that he would have accumulated had he not retired
early, a factual situation similar to that of Raymond v. Mobil
Oil Corp., 983 F.2d 1528 (10th Cir. 1993), which was
distinguished by the January 6 Opinion.   January 6 Opinion, 592
F. Supp. 2d at 667; Raymond, 983 F.2d 1535 ("Mitchell compels
the conclusion that plaintiffs lack standing").   The Mitchell

court found that the plaintff lacked standing as a participant
not because he had retired, but because his claim was for
unvested benefits.  Mitchell, 896 F.2d at 474.  Bilello,
meanwhile, asserts that his award of vested benefits should have
been greater, pursuant to an ERISA-compliant retirement plan.
Aside from penalties authorized by statute for his individual
claims, his claim is for benefits whose award is not contingent
on any future circumstance, but to which he was allegedly
entitled under the terms of ERISA on the date of his retirement
and to which he remains entitled.

     Defendants also argue that Crawford v. Lamantia, 34 F.3d
28, 32 (1st Cir. 1994), reaches a result contrary to the
conclusion of the January 6 Opinion.  Crawford involved an
allegation that a breach of fiduciary duty by plan trustees
reduced the lump-sum benefit that was distributed to plaintiff
under a defined contribution employee stock ownership plan.  Id.
at 30-31.  The court found that plaintiff had not shown that the
alleged breach of fiduciary duty, the trustees' securing of a
loan used to overpay for shares of stock, "had a direct and
inevitable effect on his benefits."  Id. at 33 (emphasis
removed).  This is essentially a claim for damages.  Bilello
faces no such problem, since invalidating the plan amendments,
either because their terms violated ERISA or because of notice
failures, would directly result in recalculation of his benefits

11

under a different formula.  Crawford therefore provides no
ground for a difference of opinion regarding Bilello's standing.

Defendants are correct, however, that Judge Baer, faced
with a similar set of facts in In re J.P. Morgan Cash Balance
Litigation, reached the opposite conclusion, denying standing to
former employees who had received lump-sum payouts from a
defined benefit plan.  242 F.R.D. at 271.  Judge Baer's opinion
addressed both statutory and constitutional standing and
performed the entirety of Rule 23 class certification analysis.
It did not analyze the question at issue here in detail, and
relied on the cases that, as explained above, are factually
distinguishable upon closer analysis.  See, e.g., Kuntz, 785
F.2d at 1411-1412; Raymond, 983 F.2d at 1535-36.  With regard to
those cases, Judge Baer simply stated that they are examples of
situations where courts held that former employees lacked
standing under ERISA.  In re J.P. Morgan Cash Balance
Litigation, 242 F.R.D. at 271.  The January 6 Opinion did not
disagree with that statement, although it contrasted Bilello's
situation with that described in the group of cases cited by
defendants.  While Judge Baer's opinion does provide some ground
for difference of opinion, it is the only source to which
defendants can point that does so.  And because the question of
the standing of lump-sum recipients of benefits from defined

benefit plans was not analyzed in detail, it does not provide a
substantial ground for difference of opinion.

CONCLUSION

Having found that no substantial ground for difference of
opinion regarding Bilello's standing under ERISA Section 502, 29
U.S.C. § 1132, defendants' January 21, 2009 motion to certify
the January 6 Opinion for interlocutory appeal is denied.

SO ORDERED:

Dated:    New York, New York
          March 9, 2009

                                    _____
                                    DENISE COTE
                                    United States District Judge

13