```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FRANK BILELLO, individually and on      :
behalf of all others similarly          :
situated,                               :       07 Civ. 7379 (DLC)
                         Plaintiff,     :
                                        :
                -v-                     :       OPINION AND ORDER
                                        :
JPMORGAN CHASE RETIREMENT PLAN,         :
JPMORGAN CHASE DIRECTOR OF HUMAN        :
RESOURCES, as administrator of the      :
JPMorgan Chase Retirement Plan,         :
                         Defendants.    :
----------------------------------------X
```

Appearances:

For Plaintiff:
Lynn L. Sarko
Derek W. Loeser
Amy Williams-Derry
Karin B. Swope
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Peter S. Linden
Andrew T. Watt
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022

Richard S. Schiffrin
Joseph H. Meltzer
Edward W. Ciolko
Joseph A. Weeden
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

Edgar Pauk
144 East 44th Street, Suite 600
New York, NY 10017

For Defendants:

Thomas C. Rice
Jonathan K. Youngwood
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Meryl R. Kaynard
JPMorgan Chase Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, NY 10081

DENISE COTE, District Judge:

Defendants JPMorgan Chase Retirement Plan and JPMorgan Chase Director of Human Resources have moved to dismiss a complaint filed by Frank Bilello on behalf of himself and all others similarly situated. Bilello was an employee of JPMorgan Chase & Co. ("JPMC") and predecessor banks, including Chemical Banking Corporation ("Chemical"), from 1960 until his retirement in 2008. Chemical's 1989 conversion to a cash balance pension plan and the subsequent plan amendments are the subject of this lawsuit.

Bilello's complaint alleges numerous violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and the Internal Revenue Code ("I.R.C."). Defendants have moved to dismiss all counts of the complaint pursuant to Rules 8(a), 12(b)(1), and 12(b)(6), Fed R. Civ. P. An Opinion and Order of January 6, 2009 denied defendants' motion to the extent that it argued that Bilello lacked

statutory standing as an ERISA participant because he received a lump-sum distribution of his pension benefit upon retirement. Bilello v. JPMorgan Chase Retirement Plan, 592 F. Supp. 2d 654 (S.D.N.Y. 2009) (the "January 6 Opinion").  An Order of April 10, 2009 rejected defendants' argument that Bilello's claims should be dismissed for failure to exhaust his administrative remedies, but an Opinion and Order issued that same day granted defendants' motion to dismiss on statute of limitations grounds with respect to the entirety of Counts 1, 2, 4, 6 and with respect to parts of Counts 3, 7, and 8.  Bilello v. JPMorgan Chase Retirement Plan, No. 07 Civ. 7379 (DLC), --- F.Supp.2d ----, 2009 WL 585974, at *11 (S.D.N.Y. Apr. 10, 2009) (the "April 10 Opinion").  This Opinion addresses defendants' motion with respect to other portions of Counts 3 and 7.[1]

BACKGROUND

This litigation involves a multi-faceted attack on Chemical's 1989 conversion from a traditional defined-benefit plan to a cash-balance plan.  In a cash balance plan, credits based on an employee's salary ("pay credits") may cease to accumulate once an individual's employment ends, but interest

---

[1] An Order issued April 20 requested supplemental briefing addressing the applicability of the constitutional standing analysis in Kendall v. Employees Retirement Plan of Avon Products, --- F.3d ----, 2009 WL 763991 (2d Cir. Mar. 25, 2009), to all counts of Bilello's claim.  That briefing is to be fully submitted on May 29, 2009.

credits continue to be allocated until benefits are distributed. See, e.g., Esden v. Bank of Boston, 229 F.3d 154, 160 (2d Cir. 2000). Cash balance plans may offer employees the option of a lump-sum payout upon termination of employment in lieu of an annuity, although any such payout must be worth at least as much, in present terms, as the annuity payable at normal retirement age. Id. at 163. Before a participant reaches normal retirement age, this requires projecting the interest payable on the current balance to normal retirement age (in other words, applying future interest credits) and discounting that amount back to present value. Id. at 159.

Chemical converted its conventional defined benefit retirement plan (the "Pre-1989 Plan") into a cash balance plan on January 1, 1991, retroactive to January 1, 1989 (the "1989 Plan") and its retirement plan underwent further mergers in 1993, 1997 (the "1997 Plan," resulting from a merger with Chase), 2002 (following the Chase-J.P. Morgan merger), and 2005. See January 10 Opinion, 592 F. Supp. 2d at 657. Bilello filed this lawsuit challenging the 1989 conversion plan and the subsequent plans arising from the retirement plan mergers of Chemical and its successors Chase and JPMorgan Chase, alleging nine class-wide and two individual counts of ERISA violations.

DISCUSSION

A trial court considering a Rule 12(b)(6) motion must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."  Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co., 517 F.3d 104 (2d Cir. 2008) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss."  Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).

Motions under Rule 12(b)(6) are evaluated according to a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (citation omitted).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

1. Count 3

Count 3 arises from the plans' alleged failures to provide a method for reflecting future interest credits in the calculation of an employee's accrued benefit before normal

retirement age.  Acknowledging that safe harbor regulations for cash balance plans specify two acceptable methods to be used, 26 C.F.R. § 1.401(a)(4)-8(c)(3)(v)(B),[2] Bilello alleges that the plans' failure to specify a projection method resulted in the accrual of benefits that was not "definitely determinable" in violation of ERISA §§ 402(a)(1) and 402(b)(4), 29 U.S.C. §§ 1102(a)(1) and § 1102(b)(4) and I.R.C. § 401(a)(25). [3]

Defendants argue that Count 3 should be dismissed because the I.R.C. provision containing the "definitely determinable" requirement does not create a cause of action under ERISA.  They submit that impermissibly reading the I.R.C. requirements into the provisions of ERISA at issue is the only way that plaintiff can make out a violation of ERISA §§ 402(a)(1) and 402(b)(4) based on the failure to specify an interest rate projection method.

---

[2] 26 C.F.R. § 1.401(a)(4)-8(c)(3)(v)(B) provides that
> [i]f the interest rate specified in the plan is a variable interest rate, the plan must specify that the determination in the preceding sentence is made by assuming that the current value of the variable interest rate for all future periods is either the current value of the variable interest rate for the current period or the average of the current values of the variable interest rate for the current period and one or more periods immediately preceding the current period (not to exceed 5 years in the aggregate).

[3] The amended complaint mistakenly cites to 29 U.S.C. § 1102(a)(1)(B), rather than 29 U.S.C. § 1102(b)(4), as the analogue of ERISA § 402(b)(4).

6

Sections 402(a)(1) and 402(b)(4) of ERISA do not mention a "definitely determinable" violation created by employer discretion regarding interest rate projection methods. They require generally that benefit plans be "established and maintained pursuant to a written instrument" that "specif[ies] the basis on which payments are made to and from the plan." ERISA §§ 402(a)(1), 402(b)(4); 29 U.S.C. §§ 1102(a)(1), 1102(b)(4).  I.R.C. § 401(a)(25), the source of the "definitely determinable" language, provides that

> [a] defined benefit plan shall not be treated as providing definitely determinable benefits unless, whenever the amount of any benefit is to be determined on the basis of actuarial assumptions, such assumptions are specified in the plan in a way which precludes employer discretion.

I.R.C. § 401(a)(25).  I.R.C. § 401(a)(25)'s definitely determinable requirement arose from Revenue Ruling 79-90's provision that "a defined benefit plan which provides optional forms of retirement benefits which are, according to the provisions of the plan, 'actuarially equivalent' to the normal benefit must specify the actuarial assumptions used to compute the amounts of such optional benefits,"  Rev. Rul. 79-90, 1979-1 CB 155.  Revenue Ruling 79-90 was later codified as I.R.C. § 401(a)(25) by the Retirement Equity Act of 1984, Pub. L. No. 98-397, 98 Stat. 1426.

7

ERISA plans seeking the tax benefits afforded to qualified plans must comply with I.R.C. § 401(a)(25).  Esden, 229 F.3d at 173.  "[D]efined benefit plans are subject to a series of parallel statutory constraints -- under ERISA and I.R.C. . . . [including] the definitely determinable benefits requirement of I.R.C. § 401(a)(25)."  Id. at 158-59.  When a cash balance plan's interest rate is tied to a variable outside index, the plan must specify a future interest rate projection method that "preclude[s] employer discretion in order to comply with the 'definitely determinable benefits' requirement of [Internal Revenue] Code section 401(a)(25)."  Id. at 166.  Stating that an ERISA plan must also comply with the tax code, however, is not the same as finding that ERISA grants a participant a right of action to sue to enforce tax code provisions.

Because, unlike other provisions of the I.R.C., the definitely determinable requirement is found only in the I.R.C., and is not expressly incorporated into ERISA, it should not be read into that statute.  See, e.g., Stamper v. Total Petroleum, Inc., 188 F.3d 1233, 1238 (10th Cir. 1999).  For example, ERISA § 3002(c), 29 U.S.C. § 1202(c), incorporates I.R.C. §§ 410(a), 411 and 412 by stating that

> [r]egulations prescribed by the Secretary of
> the Treasury under sections 410(a), 411, and
> 412 of Title 26 (relating to minimum

8

>     participation standards, minimum vesting
>     standards, and minimum funding standards,
>     respectively) shall also apply to the
>     minimum participation, vesting, and funding
>     standards set forth in parts 2 and 3 of
>     subtitle B of subchapter I of this chapter.

Other circuits have relied on the distinction between I.R.C. § 401(a)(25) and I.R.C. provisions expressly incorporated into ERISA to find that participants lack an ERISA cause of action to enforce § 401(a)(25). See, e.g., Stamper, 188 F.3d at 1238; Reklau v. Merchants Nat'l Corp., 808 F.2d 628, 631 (7th Cir. 1986). As evidence of congressional intent to apply I.R.C. § 401(a)(25) to the tax code only, not ERISA, the Stamper court noted that the Retirement Equity Act incorporated several requirements into both the I.R.C. and ERISA, but Revenue Ruling 79-90's "actuarial assumptions" requirement was codified into the I.R.C. only. Stamper, 188 F.3d at 1238-39. Refusing to read I.R.C. § 401(a)(25) as "applicable to ERISA," Stamper and Reklau both noted that "had Congress intended that § 401 of the I.R.C. be applicable to ERISA, it would have so stated in clear and unambiguous language, as it did in ERISA § 3002(c), 29 U.S.C. § 1202(c), with §§ 410(a), 411 and 412 of the I.R.C." Reklau, 808 F.2d at 631; Stamper, 188 F.3d at 1238 (quoting Reklau).

Plaintiff argues that Esden compels a different result because it holds that I.R.C. § 401(a)(25) is a "parallel"

9

requirement with which an ERISA plan must comply.  Esden, 229 F.3d at 158-59.  Holding that a plan is subject to requirements under several statutes, however, does not alter the fact that ERISA does not expressly incorporate all other statutory requirements to which ERISA plans are subject.  While ERISA's civil enforcement provision permits suit for a violation of ERISA, 29 U.S.C. § 1132, it does not permit participants to bring lawsuits alleging other violations of other statutory provisions that an ERISA plan might commit.[4]  Plaintiff having failed to demonstrate that ERISA incorporates I.R.C. § 401(a)(25), defendants' motion to dismiss on the basis that no private right of action exists under ERISA to enforce the definitely determinable requirement shall be granted.[5]

2. Count 7

The surviving portions of Count 7 allege that notices distributed in connection with the 1989 and 1997 Plans violated ERISA because they failed to warn of a significant reduction in benefit accrual and inaccurately described the Plans.

---

[4] Plaintiff does not argue that the violation of I.R.C. § 401(a)(25) gives rise to an ERISA claim for breach of fiduciary duty.  See 29 U.S.C. § 1104(a)(1)(B).

[5] As noted in the District Court's opinion in Hirt v. Equitable Retirement Plan For Employees, Managers and Agents, 441 F.Supp.2d 516 (S.D.N.Y. 2006), courts have not invalidated plan amendments creating variable interest rates simply because those rates varied; they have invalidated variable interest rates when the interest rates used were lower than the minimum rate guaranteed by an ERISA plan.  Id. at 540 (citing Esden, 229 F.3d at 165-67).

Defendants submit that Bilello's claim mistakenly attempts to hold defendants to the standard of ERISA § 204(h), 29 U.S.C. § 1054(h) currently in place, which requires notification of an amendment's effect on participants' rate of benefit accrual, rather than the version of the statute in place at the time that the plan amendments occurred, which required notice of only a plan amendment and its effective date.  Because it is undisputed that they sent notices of the plan amendments, along with their effective date, defendants urge dismissal of the remainder of Count 7 for failure to state a claim.

At the time that the 1989 and 1997 Plans were issued, ERISA § 204(h) which delineates the requirements for notices distributed in the event of a significant reduction in benefit accrual, required that

> [a] single-employer plan may not be amended so as to provide for a significant reduction in the rate of future benefit accrual, unless, after adoption of the plan amendment and not less than 15 days before the effective date of the plan amendment, the plan administrator provides a written notice, <u>setting forth the plan amendment and its effective date</u>.

ERISA § 204(h), Pub. L. 99-272, 100 Stat 82 § 11006 (1986) (current version at 29 U.S.C. § 1054(h)) (emphasis supplied). ERISA § 204(h) was amended in 2001 and currently requires that the notice accompanying a reduction in benefit accrual must "provide sufficient information . . . to allow applicable

11

individuals to understand the effect of the plan amendment." 29 U.S.C. § 1054(h).

"The analysis of any statute must begin, of course, with its plain language." In re Renshaw, 222 F.3d 82, 88 (2d Cir. 2000). By its plain language, the version of ERISA § 204(h) in place at the time that the notices were issued, requires that the notice include only the "amendment" and its "effective date," not its effect on benefit accrual. See Register v. PNC Financial Services Group, Inc., 477 F.3d 56, 73 (3d Cir. 2007) ("PNC satisfied the section 1054(h) notice requirements applicable at the time of the conversion . . . . The brochure set forth the plan amendment and the effective date. That explanation was all that was required."). The plan amendments and notice describing each, all of which are attached to the complaint, satisfy this standard.

Plaintiff does not contest that the notices distributed contained the amendment and effective date, but rather argues that the statute required disclosure of the effect of the plan amendment, despite the lack of any express requirement.[6]

---

[6] Unlike the instant case, the plan brochure at issue in Register did warn that the plan amendments described "may affect the future rate of benefit accruals . . . and in some circumstances may reduce the rate of future Pension Plan benefit accruals." Register, 477 F.3d at 72-73. Plaintiffs do not identify this possible distinction, and the use of this blanket disclaimer did not impact the court's holding that no disclosure of the effect of a plan amendment was required.

Plaintiff relies on legislative history and Frommert v. Conkright, 433 F.3d 254 (2d Cir. 2008), to support his position. Neither is persuasive. Putting aside doubts as to the appropriateness of considering legislative history when a statute is clear on its face, see Empire HealthChoice Assur., Inc. v. McVeigh, 396 F.3d 136, 149 n.16 (2d Cir. 2005), the legislative history that Bilello offers does not even clearly indicate a contrary result. He quotes a statement in the 1985 Conference Report representing the conference agreement as requiring a plan administrator to give "written notice of the reduction" in future benefit accruals. Plaintiff does not explain how a notice of an amendment and its effective date, when that amendment could reduce benefit accrual, is necessarily not a notice of reduction, as it notifies participants of new terms that could affect their accrual. The legislative history is thus reconcilable with the plain meaning of the statute.[7] It may be unfair to expect the average plan participant to discern the effect of an amendment on his rate of benefit accrual without any guidance, but this insight may very well be what

---

[7] Neither does the legislative history provided reveal new information regarding Congressional intent. As codified in 2006, ERISA Section 205 was entitled "Notice of Significant Reduction in Benefit Accruals." The statement in the legislative history on which Bilello relies -- that the statute requires notice of a reduction -- simply repeats information obvious from the section's title.

13

motivated Congress to amend the statute to require something more.

The citation to Frommert is similarly unavailing. Frommert involved the complete failure to disclose an aspect of a plan's amendment. Frommert, 433 F.3d at 262. It did not involve an alleged failure to explain the effect of an amendment. It therefore does not displace the plain-language interpretation that ERISA § 204(h) required an employer to provide a plan's amendment but imposed no obligation to spell out the effects of the amendment. As the plaintiff has not alleged that defendants failed to deliver the plan amendment or notify participants of its effective date, Count 7 is therefore dismissed pursuant to Rule 12(b)(6) for failure to state a claim under ERISA § 204(h) as it applied to the 1989 and 1997 Plans to the extent it asserts that the defendants violated ERISA by failing to warn of a significant benefit reduction.

All that remains in Count 7 is plaintiff's allegation that the notices of the amendment that defendants provided were "misleadingly optimistic and congratulatory" or inaccurate. Defendants have also asserted that, to the extent these assertions in Count 7 are intended to apply to the 1997 Plan, they must be dismissed pursuant to Rule 8, Fed. R. Civ. P., which requires a plaintiff "to give a defendant fair notice of what the claim is and the grounds upon which it rests."

14

Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). Bilello responds in conclusory fashion by asserting that he has met the plausibility standard. Defendants are correct regarding the remaining assertions relevant to the 1997 Plan, and Count 7's claims regarding the 1997 Plan are dismissed in their entirety.

## CONCLUSION

Count 3 of the amended complaint is dismissed. Count 7 is dismissed, except to the extent that it argues that the notice of the 1989 Plan provided in compliance with ERISA § 204(h) was inaccurate and misleading.

SO ORDERED:

Dated:   New York, New York
         April 24, 2009

                                    _____
                                             DENISE COTE
                                    United States District Judge