UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                           :

FRANK BILELLO, individually and on behalf of all  :
others similarly situated,                   :  <u>Via ECF</u>

                     Plaintiff,    :

                           :  Case No.: 07-CV-7379 (DLC)

           vs.              :

                           :

JPMORGAN CHASE RETIREMENT PLAN,  :
JPMORGAN CHASE DIRECTOR OF HUMAN  :
RESOURCES, as administrator of the JPMorgan  :
Chase Retirement Plan,  :
                    Defendants.  :
----------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

STANDARD ON THIS MOTION ................................................................................2

ARGUMENT ...............................................................................................................4

   I.  PLAINTIFF IMPROPERLY SEEKS TO HEIGHTEN THE APPLICABLE
      STANDARD FOR ASSERTING AFFIRMATIVE DEFENSES.....................................4

   II.  DEFENDANTS' DEFENSES ARE LEGALLY SUSTAINABLE ...............................6

CONCLUSION.............................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937 (2009) ............................................1, 5

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp.
2d 620 (S.D.N.Y. 2008) ........................................................................6

*Bahena v. Am. Voyager Indemnity Co.*, No. 8:07-cv-1057-
T-24 MSS, 2007 WL 2121224 (M.D. Fla. July 24, 2007) ....................................9

*Bell v. Pfizer Inc.*, No. 03 Civ. 9945(SC), 2007 WL
3355386, *8 (S.D.N.Y. Nov. 8, 2007) ...................................................13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................1, 5

*Bennett v. Spor Behrins Campbell & Young,* 124 F.R.D.
562 (S.D.N.Y. 1989)..................................................................3, 4

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois
Foundation*, 402 U.S. 313, 350 (1971)..................................................4

*Burke v. Kodak Ret. Income Plan,* 336 F.3d 103, 112-113
(2d Cir.2003) ......................................................................13

*Candela v. Mason Tenders' Dist. Council Welfare Fund*,
173 Fed. Appx. 87, 89 (2d Cir. 2006) ....................................................8

*Cattaraugus County Project Head Start, Inc. v. Executive
Risk Indemnity, Inc.,* No. 00-CV-0167E(F), 2000 WL
1737943 (W.D.N.Y. Nov. 8, 2000) ......................................................12

*Children First Foundation, Inc. v. Martinez*, No. 04-927,
2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007) .......................................6

*Ciminelli v. Cablevision,* 583 F. Supp. 158 (E.D.N.Y. 1984) ....................................2, 3

*Cohen v. Elephant Wireless, Inc.,* No. 03 Civ. 4058, 2004
WL 1872421 (S.D.N.Y. Aug. 19, 2004) ..................................................12

*County Vanlines Inc. v. Experian Information Solutions,
Inc.,* 205 F.R.D. 148 (S.D.N.Y. 2002)..................................................3, 7

*First Nat'l Ins. Co. of America v. Camp Services, LTD.*,
No. 08-cv-12805, 2009 WL 22861 (E.D. Mich. Jan. 5,
2009)..............................................................................5, 6

*Frommert v. Conkright*, 433 F.3d 254 (2d Cir. 2006) ..........................................12

*Hernandez v. Balakian,* No. CV-F-06-1383, 2007 WL
  1649911 (E.D. Cal. June 1, 2007) .......................................................11

*Hirt v. The Equitable Retirement Plan For Employees,*
  *Managers and Agents*, 441 F. Supp. 2d 516 (S.D.N.Y.
  2006).......................................................................................................12

*In re Mission Bay Ski & Bike, Inc.,* Nos. 07 B 20870 & 08
  A 55, 2009 WL 2913438 (Bankr. N.D. Ill. Sept. 9, 2009) ......................6

*Maccahrulo v. Gould,* No. 08 Civ. 301, 2009 WL 2495780
  (S.D.N.Y. 2009) ....................................................................................11

*Mancuso v. Consolidated Edison Co. of New York*, 130 F.
  Supp.2d 584 (S.D.N.Y. 2001).................................................................9

*Mattox v. Watson,* No. CV 07-5006-RGK, 2007 WL
  4200213 (C.D. Cal. Nov. 15, 2007) .......................................................9

*Oppel v. Empire Mut. Ins. Co.*, 92 F.R.D. 494 (S.D.N.Y.
  1981).......................................................................................................8

*Salcer v. Envicon Equities Corp.,* 744 F.2d 935 (2d Cir.
  1984)..............................................................................................2, 3, 14

*Santos v. District Council of New York City, Etc.,* 619 F.2d
  963 (2d Cir.1980) ..................................................................................12

*SEC v. Alexander,* 248 F.R.D. 108 (E.D.N.Y. 2007)..............................2, 3

*SEC v. KPMG LLP,* No. 03-671, 2003 WL 21976733
  (S.D.N.Y. Aug. 20, 2003) .......................................................................3

*SEC v. McCaskey,* 56 F. Supp. 2d 323 (S.D.N.Y. 1999) .............................3

*SEC v. Toomey,* 866 F. Supp. 719 (S.D.N.Y. 1992) ...............................7, 8

*Shinew v. Wszola*, No. 08-14256, 2009 WL 1076279 (E.D.
  Mich. Apr. 21, 2009) ..............................................................................5

*Simon v. Manufacturers Hanover Trust Co.*, 849 F. Supp.
  880 (S.D.N.Y. 1994)................................................................................7

*Smith v. Wal-Mart Stores, Inc.*, No. C 06-2069 SBA, 2006
  WL 2711468 (N.D. Cal. Sept. 20, 2006)................................................9

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.,* 630 F.
  Supp. 2d 395 (D. Del. 2009)....................................................................8

*Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150
   (W.D.N.Y. Sept. 30, 2009) ...................................................................6

*Torres v. TPUSA, Inc.*, No. 08-618, 2009 WL 764466
   (M.D. Fla. Mar. 19, 2009)...................................................................6

*Westbrook v. Paragon Sys., Inc.,* No. 07-0714-WS-C, 2007
   U.S. Dist. LEXIS 88490 (S.D. Ala. Nov. 29, 2007) .............................5

**Rules**

Fed. R. Civ. P. 8(a)(2) ...........................................................................1, 5

Fed. R. Civ. P. 8(c)...................................................................................1

Fed. R. Civ. P. 8(c)(1) ..............................................................................4

Fed. R. Civ. P. 15(a)(2) .............................................................................2

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, *Federal
   Practice and Procedure: Civil* § 1369 at 260 (3d ed.
   2004)...............................................................................................2, 3, 8

## PRELIMINARY STATEMENT

Plaintiff's motion to strike Defendants' affirmative defenses should be denied. Defendants' defenses, as written, provide Plaintiff with fair notice, which is all that is required under Federal Rule of Civil Procedure 8(c). This requirement was not amended by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), or *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937 (2009) — both of which dealt with requirements for pleading claims under Federal Rule of Civil Procedure 8(a)(2), not affirmative defenses under the differently worded Rule 8(c). In addition, each of Defendants' affirmative defenses is supportable in law and by facts uncovered to date, and thus is validly asserted at this earliest pleading stage.

Indeed, Plaintiff's motion is an exercise in futility, because no purpose is advanced by striking defenses at this stage in the litigation. Although Plaintiff claims that a number of Defendants' Affirmative Defenses are "redundant" or "not affirmative defenses," the defenses asserted go principally to Plaintiff's inability to prove critical elements of his own case — including whether he can prove each element of his claims under ERISA, satisfy this Court that the putative class satisfies the requirements of Federal Rule of Civil Procedure 23, and whether he has suffered the requisite injury, harm or prejudice to recover on his Complaint. Such defenses are routinely accepted in an answering pleading, and Defendants plainly are entitled to discovery to rebut elements of Plaintiff's case.

Plaintiff also argues that the Affirmative Defenses relating to statute of limitations and standing have already been decided by the Court in its decisions on Defendants' motions to dismiss. Although the Court has issued rulings on these issues in the context of a Rule 12(b)(6) motion, when Plaintiff's allegations were accepted as true, Plaintiff cannot support the extraordinary assertion that no later-discovered evidence on these issues will have relevance in this case. On these defenses, Defendants are entitled to a hearing on the merits after discovery.

Finally, Plaintiff has failed to show, as he is required to do in this District, that he will suffer prejudice by the inclusion of these defenses in Defendants' Answer at this stage of the litigation.  Plaintiff claims in conclusory terms that granting this motion will have a dramatic impact on discovery.  This is simply false.  At most, Plaintiff has shown that certain Affirmative Defenses are redundant of each other or of Plaintiff's burden.  Plaintiff has not demonstrated that the alleged "redundancy" of these defenses is prejudicial or will have any impact on discovery whatsoever.  If Plaintiff believes that any of Defendants' requests for production in this case, which have already been served on Plaintiff, will result in irrelevant discovery or undue delay, Plaintiff can make that objection in response to those requests.

Accordingly, Plaintiff's motion to strike should be denied.  If the Court finds any of Defendants' Affirmative Defenses to be insufficient, Defendants respectfully request leave to replead their Answer pursuant to Rule 15(a)(2).

## STANDARD ON THIS MOTION

A Federal Rule of Civil Procedure 12(f) motion "serves as a pruning device to eliminate objectionable matter from an opponent's pleadings." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1369 at 260 (3d ed. 2004).  "Motions to strike are generally disfavored."  *SEC v. Alexander,* 248 F.R.D. 108, 109 (E.D.N.Y. 2007) (citing *Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015 (1986)); *see also Ciminelli v. Cablevision,* 583 F. Supp. 158, 161 (E.D.N.Y. 1984) (cases addressing motions to strike a defense are "legion and uniformly hold that [such motions] are disfavored by the courts").  Accordingly, courts have applied a three-pronged test for evaluating motions to strike:

> In order to prevail on a motion to strike, the plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the

> defense to succeed; and (3) the plaintiff would be prejudiced by
> inclusion of the defense.

*Alexander,* 248 F.R.D. at 109 (quoting *SEC v. McCaskey,* 56 F. Supp. 2d 323, 326 (S.D.N.Y.

1999)).  When a defense "presents a purely legal question, the courts are very reluctant to

determine disputed or substantial issues of law on a motion to strike; these questions quite

properly are viewed as determinable only after discovery and a hearing on the merits."

*Salcer,* 744 F.2d at 939 (citation omitted).  Similarly, unless it is "certain" that the plaintiff will

prevail despite any possible state of facts, the motion to strike must fail.  *County Vanlines Inc. v.*

*Experian Information Solutions, Inc.,* 205 F.R.D. 148, 153 (S.D.N.Y. 2002), *citing Salcer*, 744

F.2d at 939; *see also Bennett v. Spor Behrins Campbell & Young,* 124 F.R.D. 562, 564 (S.D.N.Y.

1989) ("Even if it is unlikely that defendant could prove a sufficient set of facts to prevail on its

defense, when the possibility of a meritorious defense exists, the Court must, absent a showing of

prejudice or injury to plaintiff, deny the motion to strike the affirmative defense.").

       Importantly, Plaintiff must show that he would be prejudiced by inclusion of the

challenged defenses.  *Alexander,* 248 F.R.D. at 109.  Indeed, "even where well founded" — and

Plaintiff's motion is not — "motions to strike often are denied in the absence of a showing of

prejudice to the moving party."  *Ciminelli,* 583 F. Supp. at 162; *see also* Wright & Miller, *supra,*

at § 1380 (moving party must show that the defenses asserted are so unrelated to the claims at

issue that their presence in the proceeding will be prejudicial).  Here, no "delay [or] unnecessary

expense" will result from Defendants' Affirmative Defenses, *SEC v. KPMG LLP,* No. 03-671,

2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003), and Plaintiff's "mere assertions" that he

will be prejudiced are insufficient to show otherwise, *County Vanlines Inc.,* 205 F.R.D. at 153.

       Plaintiff's motion in effect demands that Defendants proffer evidence—at the

pleading stage—to support their defenses.  This is inappropriate.  *See, e.g., S.E.C. v. McCaskey,*

56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999) ("[I]n evaluating [motions to strike], the Court

construes the pleadings liberally to give the defendant a full opportunity to support its claims at

trial, after full discovery has been made."), *citing Bennett,* 124 F.R.D. at 564.[1]  The Court should

deny Mr. Bilello's motion to strike because he has failed to show that there are no questions of

fact or of law that might allow the challenged defenses to succeed or that he will suffer any

prejudice from inclusion of the challenged defenses.

## ARGUMENT

**I.    PLAINTIFF IMPROPERLY SEEKS TO HEIGHTEN THE APPLICABLE
STANDARD FOR ASSERTING AFFIRMATIVE DEFENSES**

While Plaintiff tries to hold Defendants to a higher pleading standard, Rule 8 only

requires that Defendants, in responding to a pleading, "affirmatively state" their affirmative

defenses.  Fed. R. Civ. P. 8(c)(1).  As the language of Rule 8 shows, Defendants are not required

to state every fact supporting each of their defenses, nor are they required to provide detail

concerning their defenses to the asserted claims.  In fact, as Plaintiff recognizes, courts routinely

apply a fair notice pleading requirement to defenses.  *See, e.g., Blonder-Tongue Labs., Inc. v.

Univ. of Illinois Foundation*, 402 U.S. 313, 350 (1971) ("Res judicata and collateral estoppel are

affirmative defenses that must be pleaded.  Fed. R. Civ. P. 8(c). The purpose of such pleading is

to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the

imposition of an estoppel would be inappropriate.").

Neither the *Twombly* decision nor the *Iqbal* decision has changed the standard for

pleading affirmative defenses.  The issue before the Supreme Court in *Twombly* was what

threshold a plaintiff must meet in asserting its claims under Federal Rule of Civil Procedure

---

[1]      Defendants withdraw without prejudice the Sixth Affirmative Defense (administrative
exhaustion) and the Eighth Affirmative Defense to the extent it asserts the defense of laches.
Defendants reserve the right to reassert these defenses during or following discovery.

8(a)(2), which requires a plaintiff to provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Twombly,* 550 U.S. at 555. With this requirement in mind, the Court explained that in order to make this "showing" of entitlement to relief (as opposed to "affirmatively stat[ing]" entitlement to relief), a plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the allegation. *Id.* at 556. *Iqbal* echoed this interpretation of Rule 8(a)(2) for pleading claims. *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1953 (2009).

Several courts have analyzed the different language of Rules 8(a)(2) and 8(c). In *First National Ins. Co. of America v. Camp Services, LTD.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009)*, the court held:

> . . . *Twombly* raised the requirements for a well-pled complaint under [Rule] 8(a)'s 'short and plain statement' requirement. Similar, though not identical, language appears in Rule 8(b)'s requirement that a defendants' answer "state in short and plain terms its defense to each claim asserted against it." *No such language, however, appears within Rule 8(c), the applicable rule for affirmative defenses. As such,* Twombly's *analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c).*

*Id.* (emphasis added); *see also Westbrook v. Paragon Sys., Inc.,* No. 07-0714-WS-C, 2007 U.S. Dist. LEXIS 88490, at *1-*2 (S.D. Ala. Nov. 29, 2007) (distinguishing Rule 8(c) from Rule 8(a) and refusing to apply *Twombly* in considering a motion to strike affirmative defenses).

The only case cited by Plaintiff that actually finds that *Twombly* changed the standard for Rule 8(c) acknowledges that "the sweep of the decision is still being debated." *Shinew v. Wszola*, No. 08-14256, 2009 WL 1076279, at *3 (E.D. Mich. Apr. 21, 2009). And, notably, a court in that same district reached the opposite conclusion — that *Twombly* is

inapplicable to Rule 12(c) — just a few months later.  See *First Nat'l Ins. Co.*, 2009 WL 22861, at *2.[2]

The remaining cases on which Plaintiff relies for the proposition that the *Twombly/Iqbal* standard applies to affirmative defenses fail to analyze the important distinctions in the language of those provisions or, in some cases, fail to even recognize the existence of Rule 8(c).  *See, e.g., In re Mission Bay Ski & Bike, Inc.,* Nos. 07 B 20870 & 08 A 55, 2009 WL 2913438, at *4 (Bankr. N.D. Ill. Sept. 9, 2009) (finding that challenged affirmative defenses "fail to comply with Rule 8(a)"); *Torres v. TPUSA, Inc.*, No. 08-618, 2009 WL 764466, at *1 (M.D. Fla. Mar. 19, 2009) (holding that affirmative defenses must comply with Rule 8(a)(2)); *Children First Foundation, Inc. v. Martinez*, No. 04-927, 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007) (applying *Twombly "*plausibility" standard to affirmative defenses without analysis of Rule 8(c) language).[3]

*Twombly* and *Iqbal* simply did not alter the law on affirmative defenses and should not be stretched to do so now.

## II.   DEFENDANTS' DEFENSES ARE LEGALLY SUSTAINABLE

Setting aside Plaintiff's claim that Defendants must do any more than simply provide Plaintiff with notice of their defenses, Plaintiff does not demonstrate that the Affirmative

---

[2]    Plaintiff also cites to the pleading standard applied by the Court in this case and the standard advocated by Defendants in their motion to dismiss.  Motion at 3.  These citations fail for the same reason the *Twombly* argument fails — they relate to the requirements of Rule 8(a) claims, not Rule 8(c) affirmative defenses.

[3]    Defendants have located two additional cases from within the Second Circuit that apply with limited discussion the *Twombly* plausibility standard to affirmative defenses.  *See Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008).  Neither case discusses the three-prong test for evaluating a motion to strike under Rule 12(f) (*see SEC v. Alexander,* 248 F.R.D. 108, 109 (E.D.N.Y. 2007)), nor does either case consider how that test differs from a motion to dismiss under Rule 12(b)(6).  Finally, neither case considers the differences between the language of Rules 8(a) and 8(c).

Defenses in Defendants' Answer are legally or factually unsustainable or that their inclusion in Defendants' Answer is in any way prejudicial to Plaintiff.  Accordingly, the motion to strike must be denied.

**First Affirmative Defense**:     The SAC fails to state a claim upon which relief can be granted.
**Second Affirmative Defense**:     The SAC fails, in whole or in part, to state a claim upon which relief may be granted under [] ERISA.

         Plaintiff's sole argument for seeking dismissal of the defenses of failure to state a claim generally (First Affirmative Defense) and, more specifically, failure to state a claim under ERISA (Second Affirmative Defense), is that they are redundant.  Motion at 4-5.  Notably, Plaintiff does not attack the merits of these defenses.  Nor can he.  Indeed, these are defenses to elements of Plaintiff's claims — just ones on which Plaintiff himself bears the burden of proof. *See* Defendants' Answer at 21 ("In asserting the following affirmative defenses to Plaintiffs' claims, Defendants do not concede that the assertion of such defense imposes any burden of proof on the Defendants with respect thereto.").  "Failure to state a claim" defenses may be asserted in an answering pleading:  "A failure-to-state-a-claim defense is akin to a 'general denial' and is widely accepted as a permissible affirmative defense.  As another court has held in the same context, although the defense may be 'redundant, there is no prejudicial harm to plaintiff and the defense need not be stricken.'"  *Simon v. Manufacturers Hanover Trust Co.*, 849 F. Supp. 880, 882 (S.D.N.Y. 1994); *see also County Vanlines,* 205 F.R.D. at 153 ("it is well settled that the failure-to state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer"), *citing SEC v. Toomey,* 866 F. Supp. 719, 723 (S.D.N.Y. 1992) (denying motion to strike defense that read "The complaint fails to state claims upon which relief may be granted.").

Because Plaintiff must present evidence to prove his claims — whether these defenses are pleaded in the Answer or not — Plaintiff cannot complain that he is prejudiced by their supposed redundancy, or that their inclusion in the Answer defenses will unduly expand the scope of discovery.  *See Oppel v. Empire Mut. Ins. Co.*, 92 F.R.D. 494, 498 (S.D.N.Y. 1981) (although the defense is arguably redundant in that it is essentially a general denial, "there is no prejudicial harm to plaintiff and the defense need not be stricken").

**Seventh Affirmative Defense**: Certain claims asserted in the SAC are barred, in whole or in part, because Plaintiff has failed to adequately plead prejudice or harm resulting from any allegedly inadequate disclosure.

For this same reason, Plaintiff's motion to strike the Seventh Affirmative Defense should also be denied.  Proof of prejudice or harm resulting from Plaintiff's allegations are elements of Plaintiff's claim that he bears the burden of proving.  *See Candela v. Mason Tenders' Dist. Council Welfare Fund*, 173 Fed. Appx. 87, 89 (2d Cir. 2006) (finding that breach of fiduciary duty "necessarily fails because even assuming *arguendo* such a breach occurred, he is unable to show prejudice").  For example, if Plaintiff is unable to demonstrate that he suffered any harm as a result of backloading or the other allegations in Plaintiff's Second Amended Complaint — and Defendants believe he cannot — he will not state a claim.  Accordingly, inclusion of this affirmative defense in Defendants' Answer is not prejudicial to Plaintiff.  *See Sun Microsystems, Inc. v. Versata Enterprises, Inc.,* 630 F. Supp. 2d 395, 407-08 (D. Del. 2009) ("even where the challenged material is redundant . . . a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party") (citation omitted); *Toomey,* 866 F. Supp. at 723 ("A plaintiff suffers no prejudice when the failure-to-state-a-claim defense is used in the pleadings.") (citing cases).

**Third Affirmative Defense:** The claims asserted in the SAC are barred, in whole or in part, because of lack of standing.

Plaintiff argues that lack of standing is not an affirmative defense.  Motion at 5.

Plaintiff does not deny, however, that he must have standing to assert the claims in the

Complaint.  Even if Plaintiff is correct that Defendants' contention that he lacks standing is not

technically an affirmative defense, "federal courts have accepted the notion of treating a specific

denial that has been improperly denominated as an affirmative defense as though it were

correctly labeled."  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure:*

*Civil* § 1269, 557 (3d ed. 2004); *see also Mattox v. Watson,* No. CV 07-5006-RGK, 2007 WL

4200213, at *3 (C.D. Cal. Nov. 15, 2007) ("If Plaintiff is irritated by the erroneous appellation

attached to the denial, Plaintiff should simply construe the second affirmative defense as a

denial.").  Plaintiff "will have to invest the same money and resources researching Defendant's

assertions . . . regardless of whether those allegations are pled as denials or as affirmative

defenses."  *Smith v. Wal-Mart Stores, Inc.*, No. C 06-2069 SBA, 2006 WL 2711468, at *10

(N.D. Cal. Sept. 20, 2006); *see Bahena v. Am. Voyager Indemnity Co.*, No. 8:07-cv-1057-T-24

MSS, 2007 WL 2121224, at *1 (M.D. Fla. July 24, 2007) (denying Rule 12(f) motion to strike

improperly designated affirmative defenses).  Because dismissing the challenged defense would

have no effect on the scope of discovery, and because Plaintiff has failed to identify any other

prejudice that he would suffer if the defense remains in the case, Plaintiff's motion should be

denied.

Plaintiff also argues that the issue of standing has been decided.  Motion at 5.  Not

so.  While the Court has made some rulings concerning standing at the pleading stage, facts may

be uncovered during discovery that call into question the standing of this Plaintiff or that of the

other members of the putative class.  Indeed, "the issue of standing can be raised on motion of a

9

party or even *sua sponte* at any time during the litigation or appeal." *Mancuso v. Consolidated Edison Co. of New York*, 130 F.Supp.2d 584, 588 (S.D.N.Y. 2001).  For example, Defendants intend to prove that Mr. Bilello never experienced backloading, and has no standing to bring the claim asserted in Count I of the Second Amended Complaint.  Accordingly, Defendants included the Third Affirmative Defense in their Answer to preserve their right to seek summary judgment on the issue of Plaintiff's lack of standing (or, indeed, the lack of standing of any member of the putative class, if and when the class certification is made).  If Plaintiff concedes that Defendants may contest lack of standing on the basis of additional facts uncovered in discovery without asserting this specific denial in the Answer, then Defendants will agree to withdraw their Third Affirmative Defense.

**Fourth Affirmative Defense:**  The claims asserted in the [SAC] are barred, [in] whole or in part, because Plaintiff has failed to comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Plaintiff's primary complaint concerning Defendants' Fourth Affirmative Defense is that it is a "procedural argument, not an affirmative defense," and, for this reason, "inclusion of this defense is superfluous."  Motion at 6.  Plaintiff has brought his claims on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a putative class of "all others similarly situated."  Compl. at ¶ 72.  Although Plaintiff has thus far refused to file his motion for class certification, or, indeed, even schedule briefing on such a motion, Defendants deny that the class as defined by Plaintiff can be certified in this action, and have every right to include that denial in the Answer, as they have.  *See* Answer at ¶ 72 (denying allegations contained in paragraph 72).  Because Plaintiff has not moved or presented this Court with any support for his claim that the class described in his Complaint is appropriate for class treatment, Defendants have preserved their right to challenge certification at a later date by

inclusion of the Fourth Affirmative Defense.  Upon seeing Plaintiff's motion, Defendants will set

forth all bases for their opposition to certification.

   In the meantime, however, Plaintiff's belief that separate inclusion of the Fourth

Affirmative Defense is "superfluous" does not mean that its inclusion in the Answer is in any

way prejudicial, as Plaintiff must demonstrate to satisfy his burden on this Rule 12(f) motion.  As

held by the Court in *Hernandez v. Balakian,* No. CV-F-06-1383, 2007 WL 1649911 (E.D. Cal.

June 1, 2007), the only case cited by Plaintiff in support of his motion to dismiss this defense,

"The issue will be resolved in Rule 23 certification proceedings.  *Nonetheless, there is no*

*prejudice to Plaintiff and striking this affirmative defense is an empty formalism.  Therefore,*

*Plaintiff's motion to strike is DENIED."  Id.* at *9 (denying motion to strike affirmative defense

stating: "To the extent that plaintiff alleges that this is a class action, the prerequisites to a class

action provided by [Rule 23(a)] do not exist in this action.") (emphasis added).

**Fifth Affirmative Defense:** The claims asserted in the SAC are barred, in whole or in part, by
         the applicable statutes of limitations.

   In response to Defendants' Fifth Affirmative Defense (statute of limitations),

Plaintiff complains that the limitations issue has been "exhaustively analyzed" by the Court and,

presumably, Plaintiff believes that there is no more to say on the issue.  Motion at 6.  While the

Court has ruled on issues of statute of limitations, the Court did so at the pleading stage, when it

was required to assume that all facts pled by Plaintiff were true.  Moreover, a statute of

limitations defense is an affirmative defense that must be asserted in an answer or waived.  *See*

Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any

avoidance or affirmative defense, including: . . . statute of limitations."); *see also Maccahrulo v.*

*Gould,* No. 08 Civ. 301, 2009 WL 2495780, at *3 (S.D.N.Y. 2009).  Additional fact issues

relating to the limitations period may arise during and following discovery.  Here, Defendants

have alleged that Plaintiff had actual knowledge of the fiduciary breaches alleged in the

complaint prior to the applicable statute of limitations period.  Because Plaintiff has not shown

that there is absolutely no question of fact which might allow the defense to succeed, the motion

to strike the Fifth Affirmative Defense should be denied.

**Eighth Affirmative Defense:**  The claims asserted in the SAC are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

Plaintiff claims that Defendants have asserted no factual basis for "novel" theories

of waiver and estoppel.  As with the statute of limitations defense, pleading the word estoppel,

without more, is a sufficient statement of the defense and survives the motion to strike.  *See*

*Cattaraugus County Project Head Start, Inc. v. Executive Risk Indem., Inc.,* No. 00-CV-

0167E(F), 2000 WL 1737943 (W.D.N.Y. Nov. 8, 2000), *citing Santos v. District Council of New*

*York City, Etc.,* 619 F.2d 963, 967 (2d Cir.1980).  Moreover, at this early stage in the litigation,

this Court should not find that there is "no question of fact which might allow the defense to

succeed."  *See Cohen v. Elephant Wireless,* 2004 WL 1872421, at *5 (S.D.N.Y. 2004) (denying

motion to strike waiver and estoppel defenses, and finding that it is "conceivable" that during

discovery defendants could gather sufficient evidence on waiver and estoppel defense).

**Ninth Affirmative Defense:**  Certain claims asserted in the SAC are barred, in whole or in part, because to the extent any of Defendants' disclosures alleged in the SAC were inadequate, any alleged inadequacies constituted harmless error or were cured by other adequate disclosures.

Incredibly, Plaintiff complains that Defendants' Ninth Affirmative Defense is

"devoid of factual allegations, context or justification."  Motion at 10.  Plaintiff cannot honestly

claim that it has no notice or "context" for this defense.  As Defendants have asserted on

numerous occasions, if Plaintiff is successful in demonstrating that there is any inadequacy in the

notices relating to the 1989 Chase Plan (which there is not), Defendants intend to demonstrate

that any such inadequacy could have been cured by subsequent communications, such as SPDs.

12

*See Frommert v. Conkright*, 433 F.3d 254, 269 (2d Cir. 2006) (even where notice of a plan amendment was inadequate, a subsequent SPD can qualify as notice of a plan amendment); *see also Hirt v. The Equitable Retirement Plan For Employees, Managers and Agents*, 441 F. Supp. 2d 516, 539 (S.D.N.Y. 2006) ("the SPD . . . can qualify as notice of a plan amendment pursuant to ERISA section 204(h)").  If Plaintiff is successful in demonstrating any inadequacy in Defendants' communications, Defendants are entitled to develop and present evidence concerning subsequent cure.  *See, e.g., Burke v. Kodak Retirement Income Plan,* 336 F.3d 103, 113 (2d Cir. 2003) (where participant makes "initial showing" of likely harm, "the employer may rebut it through evidence that the deficient SPD was in effect a harmless error").  Plaintiff does not and cannot claim that this defense is prejudicial in any respect, and the motion to strike this defense should be denied.

**Tenth Affirmative Defense**:   Certain claims asserted in the SAC are barred, in whole or in part, because Plaintiff has failed to adequately plead reliance on any alleged misstatement or omission of Defendants.

In response to Defendants' Tenth Affirmative Defense, Plaintiff argues that he has no obligation to plead reliance, and "Defendants do not claim otherwise."  Motion at 10.  To the contrary, as Defendants have previously argued, "[t]o establish a breach of fiduciary duty based on alleged misrepresentations under ERISA, a plaintiff must demonstrate (1) that the defendants were acting in their fiduciary capacities when they made the alleged misrepresentations; (2) that the defendants made a material misrepresentation; and (3) that the plaintiff relied on that misrepresentation to his detriment."  *Bell v. Pfizer Inc.*, No. 03 Civ. 9945(SC), 2007 WL 3355386, *8 (S.D.N.Y. Nov. 8, 2007), *cited in* Defs. Opp. To Pl.'s Motion For Leave To File A Second Amended Complaint, dated June 19, 2009, at 13.  Plaintiff is also incorrect when he states that the Court has already determined that evidence of reliance will be irrelevant in this case going forward.  In its August 12, 2009 Opinion, the Court noted only that Plaintiff's

allegations are sufficiently material and non-speculative to support a claim for breach of fiduciary duty "at this stage in the litigation." 2009 WL 2461005, at *19.  Because reliance is an element of Plaintiff's claim, there is no prejudice to Plaintiff from its inclusion in Defendants' Affirmative Defenses, and the motion to strike should be denied.  *See supra* at 7-8, and cases cited therein.

Moreover, to the extent the issue of Plaintiff's reliance (or any other issue) remains a disputed issue of law, the matter should not be resolved on a motion to strike:  "these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.  To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts."  *Salcer,* 744 F.2d at 939 (citation omitted).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that the Court should deny Plaintiff's motion in its entirety.  If the Court grants Plaintiff's motion, in whole or in part, Defendants request leave to replead their Answer pursuant to Rule 15(a)(2).

Dated:  New York, New York       SIMPSON THACHER & BARTLETT LLP
       October 19, 2009

By:   /s Thomas C. Rice
     Thomas C. Rice, Esq. (trice@stblaw.com)
     Jonathan K. Youngwood, Esq.
     (jyoungwood@stblaw.com)
     Helena Almeida, Esq. (halmeida@stblaw.com)
     Amiad Kushner, Esq. (akushner@stblaw.com)
     425 Lexington Avenue
     New York, New York 10017-3954
     Telephone:  (212) 455-2000
     Facsimile:  (212) 455-2502

     *Attorneys for Defendants*